**AUSTIN, Banking Commissioner, v. PAR-SONS. (No. 1665.)**

Court of Civil Appeals of Texas. Beaumont.
March 7, 1928.

Rehearing Denied March 3, 1928.

Banks and banking &#9114;44—Statutory amendment that suit to enforce bank stockholder's liability might be brought in county of bank's domicile held inapplicable to pending suit (Rev. St. 1925, art. 455, as amended by Acts 40th Leg. [1927] c. 205).

Acts 40th Leg. (1927) c. 205, amending Rev. St. 1925, art. 455, providing that suit to enforce stockholders' liability might be brought against stockholders either in county of bank's domicile or of defendant's residence, *held* applicable only to suits instituted after act took effect and inapplicable to suit begun before but not tried until after act became effective.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Charles O. Austin, State Banking Commissioner, against J. N. Parsons. From an order sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

Harry Holmes, of Houston, for appellant.
Baker, Botts, Parker & Garwood, of Houston, for appellee.

O'QUINN, J. Charles O. Austin, state banking commissioner, brought this suit in the district court of Harris county against appellee, J. N. Parsons, to enforce his liability as a stockholder in the State Guaranty Bank of Goose Creek, Harris county, Tex.

Appellee filed his plea of privilege to be sued in the district court of Dallas county, Tex., the county of his residence. Appellant duly filed his controverting plea asserting venue in Harris county because appellee was a stockholder in the State Guaranty Bank, a corporation domiciled at Goose Creek, in Harris county, and that this was a suit against appellee to enforce his individual liability as such stockholder, by reason of which the suit could be maintained in Harris county. Hearing was had, and the court sustained the plea of privilege and ordered the cause transferred to Dallas county. This appeal is from that order.

There is no contest as to the facts. The sole question is whether article 455, Revised Civil Statutes of 1925, as amended by the Acts of the Fortieth Legislature, c. 205, p. 292, controls the venue of the case.

The suit was filed May 10, 1927, alleging the defendant's residence to be in Harris county. Citation to Harris county was issued May 12th. The citation was returned not executed, for the reason that defendant could not be found in Harris county, but contained the information that defendant could be found at 1232 Allen building, Dallas, Tex. Supplemental petition alleging the residence of the defendant to be in Dallas county was filed and citation thereto issued June 14, 1927, which was served on appellee June 21, 1927. June 30, 1927, appellee filed his plea of privilege with the result before stated. Article 455, Revised Civil Statutes 1925, at the date of the institution, read:

"The commissioner may, if necessary to pay the debts of such bank, enforce the individual liability of the stockholders. Stockholders who are depositors of an insolvent bank shall be protected by the provisions of this chapter only to that portion of their deposits over and above the liability as stockholders under the law."

The Fortieth Legislature (Acts 1927, c. 205, p. 292) amended this article so that at the time of the trial it read:

"The commissioner may, if necessary to pay the debts of such bank, enforce the individual liability of the stockholders. Suits to enforce such liability may be brought against the stockholders either in the county of the bank's domicile or in the county of the defendant's residence."

This act became effective June 14, 1927. It not being in effect at the date of the institution of the suit, and there not being anything on the face of the amendment to make it affect pending suits, on the authority of Baines v. Jemison, 86 Tex. 118, 23 S. W. 639, we held that it did not apply, and that the court did not err in sustaining the plea of privilege.

Therefore the judgment of the trial court is affirmed.