## DANIEL v. JONES.

### No. 9916.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1937.

Rehearing Granted and Judgment Affirmed March 10, 1937.

Rehearing Overruled April 7, 1937.

George O. Wilson and E. M. Reichman, both of Dallas, for appellant.

Lewright & Lewright, Hoyo, McCracken & Feigenbaum, and John C. Hoyo, all of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from a judgment overruling a plea of privilege.

Appellee, Elliott Jones, attorney in fact for all the Underwriters of Lloyds of America, instituted this suit in the Forty-Fifth district court of Bexar county against Mrs. Beulah M. Daniel, individually and as independent executrix of the estate of R. H. Daniel, deceased, seeking to recover the sum of $9,000, together with interest and attorney's fees; $5,000 of this sum was alleged to be evidenced by a note for the principal sum of $5,000, signed by R. H. Daniel, and payable at the National Bank of Commerce in San Antonio, and the other $4,000 was evidenced by an underwriter's agreement. Mrs. Daniel was dismissed from the suit in her individual capacity, leaving only the claim against here as independent executrix of the estate of R. H. Daniel, deceased.

Mrs. Daniel filed a plea of privilege setting up her residence in Dallas county, and further showing that the administration of the estate of R. H. Daniel, deceased, was then pending in Dallas county.

Appellee, Elliott Jones, in his representative capacity, filed a controverting affidavit, seeking to retain venue in Bexar county by virtue of the provisions of subdivision 5 of article 1995, R.C.S.1925, as amended by the Acts of 1935, 44th Legislature, p. 503, ch. 213, § 1 (Vernon's Ann.Civ.St. art. 1995, subd. 5).

438

A hearing was had on the question of venue, at which evidence was introduced, and the trial court entered judgment overruling the plea of privilege, from which judgment this appeal is prosecuted.

■ Appellant's first contention is that this being a suit against the executrix of an estate now being administered in the probate court of Dallas county, suit ·must be brought in that county, under the provisions of subdivision 6, art. 1995, R.C.S.1925. Subdivision 6 now reads as follows: *"Executors, administrators, etc.*—If the suit is against an executor, administrator or guardian; as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

It is clear from reading the above subdivision that such suits "may" be brought in the county where the administration is being had, but that such suits are not required to be so brought. Prior to the recodification of the statutes, in 1925, this subdivision contained the word "must" instead of the word "may" and was therefore mandatory in its nature, but since "must" has been changed to "may," this subdivision is now merely permissive.

Appellant contends that the codifying committee had no authority to make this change. This question is fully discussed in the case of Vela v. Shacklett (Tex.Civ. App.) 1 S.W.(2d) 670, and we shall not here indulge in a discussion of the matter further than to state that we consider it settled law that this subdivision 6 of article 1995, R.C. S.1925, is not mandatory, but merely permissive, as now worded. We overrule appellant's contention that a suit against an executrix to establish a money demand against an estate can only be maintained in the county where the administration is pending.

The next question presented is whether or not appellee is entitled to maintain this suit in Bexar county, under the provisions of subdivision 5 of article 1995, R.C.S.1925, as amended by Acts 1935, 44th Leg., p. 503, c. 213, § 1 (Vernon's Ann.Civ.St. art. 1995, subd. 5), which reads as follows: *"Contract in Writing.*—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The record is clear that Daniel signed a written contract, the obligation of which was performable in Bexar county, and that suit could have been brought against him during his lifetime in Bexar county. However, after his death a suit brought against his executrix to establish a money demand against his estate is quite a different question. If this subdivision is strictly construed, it permits the bringing of suits only against "him" in the county where the obligation is performable, and does not authorize the bringing of such suits against his executrix.

■ It is too well established to require the citation of authority that it is the duty of the courts to strictly construe the subdivisions of the venue statute, authorizing the bringing of suits in counties other than that of the domicile of the defendant.

To construe the pronoun "him" to include administrators and executors would be to put a liberal construction on this subdivision in favor of the maintaining of suits in counties other than the court of the residence. of the defendant. This we should not do.

The wording of this subdivision is plain and unambiguous, and when given that strict construction, which we are required to do, it must be limited to suits brought against the signer of the written obligation and cannot be extended to include his administrators and executors.

It is, therefore, apparent that appellee was not authorized to maintain this suit in Bexar county, and that the plea of privilege of appellant should have been granted and this cause transferred to one of the district courts of Dallas county.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered granting appellant's plea of privilege, and the clerk of the district court of Bexar county is hereby directed to transfer this cause, in the manner provided by law, to the district court of Dallas county, Tex.

Reversed and rendered.

On Motion for Rehearing.

Appellee calls to our attention, for the first time in his motion for a rehearing, that this suit was filed in the trial court on December 31, 1934, and that the amendment to subdivision 5, art. 1995 (Vernon's Ann. Civ.St. art. 1995, subd. 5), did not become effective until May 11, 1935.

■ It seems clear that as to a question of venue, the law in effect at the time a suit is filed should be applied. Baines v. Jemison, 86 Tex. 118, 23 S.W. 639; India Tire & Rubber Co. v. Murphy (Tex.Civ.App.) 6 S.W.(2d) 141; Austin v. Parsons (Tex.Civ.App.) 3 S.W.(2d) 555; San Marcos Baptist Academy v. Burgess (Tex.Civ.App.) 292 S.W. 626.

■ The language of subdivision 5, art. 1995, as it existed on December 31, 1934, the date this suit was filed, was broad enough to include suits against executors of the estates of persons signing contracts performable in a particular county. We were therefore in error in holding in our original opinion that venue of this suit did not lie in Bexar county.

Accordingly, appellee's motion for a rehearing will be granted, the judgment heretofore entered by us will be set aside, and the judgment of the trial court affirmed.