JAMES G. CHARTER *v.* DODDRIDGE COUNTY BANK *et al.*

(No. 8673)

Submitted February 15, 1938. Decided March 22, 1938.

*J. E. Law* and *George W. Bland,* for plaintiff in error.
*Robinson & Stump,* for defendant in error.

MAXWELL, PRESIDENT:

This case presents a question of venue. The circuit court of Harrison County held that the action could not be maintained therein, and dismissed the proceeding without prejudice. Writ of error was awarded the plaintiff.

The proceeding is on notice of motion for judgment. James G. Charter, former president and cashier of the Doddridge County Bank, sues for $10,227.00 alleged to be due and owing him for services rendered by him to the bank in the official capacities stated. The defendants are the bank and E. A. Rinehart, its receiver.

Charter resides in Doddridge County, and the place of business of the bank is in the same county. Rinehart resides in Harrison County.

Because Rinehart is a resident of the county of Harrison, the plaintiff takes the position that he has the unqualified right under the statute to prosecute this action in the circuit court of that county. In support of his contention he relies specifically on a provision of the statute, Code, 56-1-1, which reads: "Any action or other proceeding at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: (a) Wherein any of the defendants may reside * * * ."

We cannot uphold the plaintiff's contention. The quoted statutory provision must be considered to comprehend only the place of abode — personal residence — of an individual defendant to a suit or action, otherwise incongruity would attend.

Where a statute may be susceptible of different constructions, courts should adopt the one which will avoid inappropriateness in administration. We think that impractical results would follow the construction urged by the plaintiff. For example, the home office of a liquidating bank or other corporation may be remote from the county of residence of the receiver, and not in an adjoining county as in the case at bar. In the supposititious situation, it would be highly impracticable and not in conformity with orderly and convenient administration of justice to permit a claim against the bank to be prosecuted in the far distant county of the receiver's personal residence, merely because of such residence.

Rinehart, receiver, is the *alter ego* of the bank. His place of residence, not in private life but in his official capacity as such receiver, must be deemed to be in the county of the place of business of the bank. He stands for the bank in the liquidation of its affairs, and in that capacity becomes identified with the vicinage of the bank.

There are numerous cases embracing the holding that a receiver may be sued in a county wherein his principal might have been sued if there were no receivership. Illustrative: *Director-General of Railroads* v. *Beard,* 27 Ga. App. 365, 108 S. E. 310. However, we do not find that a point closely kindred to the one at bar has often arisen, but the two following cases are closely analogous. In *Allen* v. *McCormick,* 110 Misc. 254, 180 N. Y. S. 116, it was held: "The residence of a trustee in bankruptcy, for the purpose of fixing the place of trial, is the principal office and place of business of the bankrupt corporation, and not the personal residence of the trustee." The holding in *Hall* v. *Eastland County* (Tex.), 254 S. W. 1113, is that in an action against a bank, the commissioner of insurance and banking, and a liquidating agent, venue was properly laid in the county wherein the bank was located. A plea filed by the commissioner claiming privilege to be sued in another court was rejected. Though neither of these decisions was rendered by a court of last resort, we view with approval the principles applied.

If this were an action against Rinehart, personally, and the bank, there would be no question of the maintainability of the action in Harrison County. But the plaintiff asserts no personal claim against Rinehart.

For the reasons presented, we are of opinion that the trial court correctly overruled the plaintiff's demurrer to Rinehart's plea in abatement which challenged the venue; and, the plaintiff not denying the allegations of the plea, the court properly dismissed the action without prejudice. We affirm the judgment.

*Affirmed.*