Georgia Wright STEINBACH, Executrix,
et al., Appellants,

v.

Olga HEARNE et vir, Appellees.

No. 6338.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1953.

Grindstaff, Zellers & Hutcheson, Weatherford, for appellants.

Jones, Phillips & Watkins, Dallas, for appellees.

PITTS, Chief Justice.

This appeal is from a venue action in which judgment was rendered overruling two pleas of privilege, from which judgment an appeal was perfected to the Dallas Court of Civil Appeals and the same was transferred to this Court by the State Supreme Court in the equalization of court dockets. The action arose out of an original suit filed in Dallas County by appellees, Olga Hearne and husband Erwin M. Hearne, for a money demand on an account in the sum of $317.10 for material sold to and furnished to George Daniel in Dallas County, Texas, on October 9, 1951, prior to his death thereafter in Parker County, Texas, on October 23, 1951. The original suit was filed jointly against Georgia Wright Steinbach of Dallas County as executrix jointly with executor J. S. Campbell of Parker County of the estate of George Daniel, deceased, both of whom are appellants herein.

It is admitted that the named party defendants were administering the estate of

George Daniel, deceased, in Parker County as alleged and were sued as such representatives; that the party defendants resided in Dallas and Parker Counties, respectively, as alleged; that the material in question was ordered and delivered to George Daniel prior to his death and that the said claim of appellees for the sum of $317.10 was duly filed with the said executors and payment thereof refused by them prior to the filing of the suit. It is likewise admitted that the named party defendants, appellants herein, each filed a plea of privilege to be sued in Parker County, Texas, where the administration of the estate in question was pending in the probate court.

The controlling question to be here determined is whether or not the provisions of Subdivision 6 of Article 1995, Revised Civil Statutes, relied upon by appellants, is controlling over Subdivision 4 of the said Article, which Subdivision is relied upon by appellees. Subdivision 6 provides that:

"If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit *may* (emphasis ours) be brought in the county in which such estate is administered."

That part of Subdivision 4 here pertinent provides that:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Prior to the revision of the statutes in 1925 Subdivision 6 of the venue statutes provided that suits for money judgment against executor, etc., "must" be brought in the county in which the estate sought to be charged was being administered and the courts then held that such venue exception was mandatory. But in the revision of the 1925 statutes the word "must" previously used in the 6th Subdivision of the venue statutes was changed to "may", thus making the venue exception there stated, as the same may apply to an action such as this, merely permissive and not mandatory and the courts have uniformly so construed the latter provision. Key v. Alamo Nat. Co., Tex.Civ.App., 62 S.W.2d 1002; Vela v. Shacklett, Tex.Civ.App., 1 S.W.2d 670; Daniel v. Jones, Tex.Civ.App., 103 S.W.2d 437, and other authorities cited by these cases. It is true that in the Daniel-Jones case last cited the Court of Civil Appeals reversed its original disposition made of the case upon a motion for rehearing, but a careful examination of the opinion reveals that it did not do so because of its pronouncement of the law concerning the revision of Subdivision 6 of the venue statute, which pronouncement was correct, but it did so because it had erroneously given full force and credit to Subdivision 5 as amended when it found upon the motion for rehearing that the said amendment to Subdivision 5 had not become effective when the suit being there considered was filed. Thane v. Dallas Joint Stock Land Bank of Dallas, Tex.Civ.App., 129 S.W.2d 795.

It is true that the court in Parker County would have had venue of this suit if the same had been originally filed there, as was held in a similar case of Barnum v. Lancaster Hardware Co., Tex.Civ.App., 40 S.W.2d 1103, of date June 20, 1931, after the 1925 revision of the statutes. But inasmuch as Subdivision 6 of the venue statutes as revised is merely permissive, it would not be controlling over Subdivision 4 of the venue statutes. It is well-settled law in this state that where the defendants may be joined in the same suit, the same can be prosecuted in the county where either of the defendants resides under the provisions of Subdivision 4 of the venue statutes.

Appellants' points of error to the contrary are overruled and the judgment of the trial court is affirmed.