# Richmond

Steven Lloyd Dowdy, an infant who sues by his mother and next friend, Bernice R. Dowdy v. G. A. Franklin, Stanley Roscoe Early and Frances F. Mathena, Administrator d.b.n. of the Estate of Phillip Leroy Dowdy, Deceased.

October 9, 1961.

Record No. 5306.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson and Carrico, JJ.

*James C. Turk* and *John N. Dalton* (*Dalton, Poff & Turk*, on brief), for the plaintiff in error.

*John H. Locke* (*Gentry, Locke & Rakes*, on brief), for defendants in error, G. A. Franklin and Stanley Roscoe Early.

*Robert J. Rogers (John H. Thornton; Woods, Rogers, Muse & Walker,* on brief), for defendant in error, Frances F. Mathena, Administrator, etc.

CARRICO, J., delivered the opinion of the court.

Steven Lloyd Dowdy, an infant, hereinafter referred to as the plaintiff, by his mother and next friend, Bernice R. Dowdy, filed a motion for judgment against G. A. Franklin, Stanley Roscoe Early and Frances F. Mathena, Administrator d.b.n. of the Estate of Phillip Leroy Dowdy, Deceased, hereinafter referred to as the defendants, to recover damages for personal injuries sustained when the automobile operated by Phillip Leroy Dowdy, in which the plaintiff was riding, was in a collision on August 6, 1958, in the city of Radford, with the truck owned by the defendant G. A. Franklin and operated by his agent, the defendant Stanley Roscoe Early.

The motion for judgment alleged the concurring negligence of the deceased and Early as the proximate cause of plaintiff's injuries. The defendants filed pleas in abatement to the motion for judgment, which were sustained by the trial court after hearing evidence and argument thereon, and the motion for judgment was dismissed. The plaintiff was granted a writ of error to the action of the trial court.

In the accident in which plaintiff is alleged to have sustained his injuries his brother, Phillip Leroy Dowdy, the operator of the automobile, was killed. On June 27, 1959, William Dowdy, the father of the deceased, qualified as administrator of his son's estate in the Circuit Court of Montgomery County, where the plaintiff, the administrator and the defendants Franklin and Early all resided, and where the deceased had resided at the time of his death.

On May 28, 1960, William Dowdy filed a petition in the Circuit Court of Montgomery County seeking acceptance of his resignation as administrator and on the same date an order was entered revoking and annulling his authority as such administrator. Frances F. Mathena, a resident of Roanoke County, then qualified as administrator d.b.n.

On July 7, 1960, the motion for judgment in the action now before us was filed against Franklin and Early, and against Mrs. Mathena, as administrator, in the Circuit Court of Roanoke County.

The pleas in abatement filed by the defendants attacked the venue in Roanoke County, asserting that the cause of action did not arise there, that the defendants Franklin and Early did not reside there,

and that the personal residence of the defendant administrator was not sufficient to afford proper venue.

It is conceded by the defendants that since plaintiff's cause of action arose in the city of Radford, his action might also have been brought in that jurisdiction, under authority of § 8-39,[1] Code of Virginia, 1950, as amended.

The sole question to be determined is whether an action against an administrator, in his official capacity, may be brought in a county or city where the sole ground of venue is the personal residence of the administrator.

In this Commonwealth, venue is controlled entirely by statute. The pertinent provisions of the Code of Virginia, 1950, as amended, which must be considered in determining the question before us, are found in § 8-38.[2]

The plaintiff contends that under § 8-38 (1), Roanoke County

---

[1] § 8-39. Where cause of action arose.—An action or suit may be brought in any county or city wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein.

[2] § 8-38. Venue generally.—Any action at law or suit in equity, except where it is otherwise especially provided, may be brought in any county or corporation:

(1) Wherein any of the defendants may reside;

(2) If a corporation be a defendant, wherein its principal office or registered office is, or wherein its mayor, rector, president, or other chief officer resides;

(3) If it be to recover a loss under a policy of insurance, either upon property or life, wherein (a) the property insured was situated at the date of the policy, or (b) the person whose life was insured resided at the date of his death or at the date of the policy;

(3a) If it be to recover indemnity under a policy of accident and health insurance, either or both, wherein (a) the policyholder resided at the time of the happening for which indemnity is sought, or (b) where the policyholder resided at the date of the policy;

(4) If it be to recover land or to subject it to a debt, wherein such land or part of it may be;

(5) If it be a suit to construe a will or for the direction of the court in the administration of the estate of a deceased person, or a suit or action against a personal representative, curator, committee, guardian or other fiduciary, in the county or corporation wherein the will was admitted to probate, or such fiduciary qualified;

(6) If it be against a foreign corporation, wherein its statutory agent resides, or its registered office is situated or, in case of withdrawal from the State, where its last statutory agent resided or its last registered office was situated or where it has any estate or debts owing to it within this State;

(6a) If it be against a nonresident and the cause of action arose because of the operation of a motor vehicle on the highways of this State, wherein the plaintiff resides, or wherein the cause of action or any part thereof arose;

(7) If it be against a defendant who resides without this State, wherein he may be found and served with process, or may have estate or debts due him, provided, however, that nothing contained in this section shall be so construed as to permit the joining of a domestic corporation or resident individual as co-defendant with a

was the proper venue for his action, since Mrs. Mathena, the administrator, personally resided there. He argues that § 8-38 (1) and § 8-38 (5) are merely cumulative, and that his action could have been brought either in Roanoke County, where the administrator resided, or in Montgomery County, where she qualified.

We have not had occasion before to pass upon the precise question here presented. Since it appears that the statute under consideration is ambiguous, it is necessary that we ascertain the intent of the legislature in its enactment of § 8-38, and resolve the ambiguity.

In ascertaining the legislative intent, elementary rules require that we give weight to the object of the statute and the purpose to be accomplished thereby. We must consider the specific language used and give effect thereto. Our construction should be reasonable, so that the purpose of the enactment will not be limited or defeated, but instead will be promoted. *Bott* v. *Hampton Roads San. Comm.*, 190 Va. 775, 783, 58 S. E. 2d 306, 309, 310; *Norfolk So. Ry Co.* v. *Lassiter*, 193 Va. 360, 364, 68 S. E. 2d 641, 643, 644.

The legislature, in its enactment of § 8-38, has provided for the proper venue of an action or suit against all classes of defendants, individual, corporate, governmental and fiduciary; of an action or suit by the Commonwealth, and of specific classes of actions or suits, i.e., those involving insurance policies, lands and wills and administrations.

An examination of § 8-38 makes it clear that the objective sought

foreign corporation or nonresident individual in a jurisdiction where such domestic corporation or resident individual could not be sued;

(8) If it be on behalf of the Commonwealth, whether in the name of the Attorney General or otherwise, it may be in the city of Richmond;

(9) If it be an action or a suit in which it is necessary or proper to make any of the following public officers a party defendant, to-wit: the Governor, Attorney General, State Treasurer, Secretary of the Commonwealth, Comptroller, Superintendent of Public Instruction, or Commissioner of Agriculture and Immigration; or in which it may be necessary or proper to make a party defendant the State Board of Education, or other public corporation composed of officers of government, of the funds and property of which the Commonwealth is sole owner; or in which it shall be attempted to enjoin or otherwise suspend or affect any judgment or decree on behalf of the Commonwealth, or any execution issued on such judgment or decree, it shall be only in the city of Richmond; and

(10) If any judge of a circuit or corporation court be interested in a case which, but for such interest, would be proper for the jurisdiction of his court, the action or suit may be brought in any court in an adjoining circuit or corporation. Any such action or suit brought in any county or corporation within the territorial limits of the jurisdiction of such judge shall, on motion of any party thereto, be removed to the circuit or corporation court of a county or corporation in an adjoining circuit.

to be attained by the legislature was to provide an orderly, practical and appropriate method for determining the proper venue of an action or suit, with the purpose in mind to insure to a litigant, insofar as possible, his right to have his case tried in a convenient and familiar jurisdiction.

In the case of an administrator of the estate of a deceased person, the most convenient and familiar jurisdiction is, logically and legally, that in which the administrator qualifies, since it is, *a fortiori*, the place of last residence of the deceased in whose place and stead, for the purposes of actions or suits against the estate, the administrator stands, and is at the same time the source of the administrator's authority and the place where he must state and settle his accounts. The administrator serves in an official capacity which may only arise from and be terminated by the court of the county or city in which he qualifies. His official residence, for purposes of venue, is in that county or city.

We are of the opinion that it was the plain legislative intent that § 8-38 (1) should apply to an action or suit against a defendant solely in his individual capacity, and that in enacting § 8-38 (5) the legislature has "otherwise especially provided" for the venue of an action or suit against an administrator in his official capacity.

In our neighboring state of West Virginia, whose venue statute contains a provision similar to § 8-38 (1) but which does not contain one similar to § 8-38 (5), the Supreme Court of Appeals has ruled in the case of *Charter* v. *Doddridge County Bank et al.*, 119 W.Va. 735, 196 S. E. 158, that the receiver of a bank (to whom our § 8-38 (5) would be applicable) must be sued in the county or city where he qualifies, and in the case of *Charlotton et al.* v. *Gordon et al.*, 120 W. Va. 615, 200 S. E. 740, 741, that an administrator may only be sued in his official capacity in the county or city where he qualifies.

In the *Charter* case, *supra*, the plaintiff took the position that he had the unqualified right, under the West Virginia statute, to prosecute his action in the county where the receiver personally resided which, as in the case before us, was not the county in which the fiduciary had qualified. Maxwell, President, speaking for the court, said, "We think that impractical results would follow the construction urged by the plaintiff . . . . . [I]t would be highly impractical and not in conformity with orderly and convenient administration of justice to permit a claim against the bank to be prosecuted in the far distant county of the receiver's personal residence, merely because of such personal residence."

Although the courts of other of our sister states have held to the contrary, 34 C.J.S., Executors and Administrators, 724, Sec. 727, 92 C.J.S., Venue, 763, Sec. 58, we think the better conclusion has been reached by the West Virginia court, which we approve.

We therefore hold that Roanoke County was not the proper venue of plaintiff's action and that the trial judge properly sustained defendants' pleas in abatement. His action in doing so is, accordingly,

*Affirmed.*