**Mary RIDER, Guardian of the person of minors Oscar Garcia, Armando Garcia and Martina Garcia, and as Administratrix of the Estate of Dora Noriega Garcia, Deceased, Appellant,**

v.

**Fred C. REEDER, Administrator of the Estate of Dora Moor, Deceased, Appellee.**

No. 292.

Court of Civil Appeals of Texas.

Corpus Christi.

May 4, 1967.

Rehearing Denied May 25, 1967.

Virgil Howard, of Wade & Howard, Corpus Christi, for appellant.

J. M. Burnett, of Lewright, Dyer & Redford, Corpus Christi, for appellee.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

GREEN, Chief Justice.

The opinion of the Court delivered April 6, 1967, is withdrawn, and the following is substituted therefor.

A venue case. This suit was filed in the district court of Nueces County, Texas, by appellant as Guardian of the persons and estates of three minors, and as Administratrix of the Estate of Dora Noriega Garcia, deceased, complaining of Fred C. Reeder, Administrator of the Estate of Dora Moore, deceased. The petition alleged that defendant Fred C. Reeder has been appointed Temporary Administrator of the Estate of Dora Moore by the County Court of Kleberg County, Texas, and that Reeder is a resident of Nueces County. The suit is in tort for damages based upon an automobile accident which occurred April 19, 1965, in Kenedy County, Texas, the two vehicles involved being driven at the time by Dora Moore and by Mario Garcia, father of the minor plaintiffs. Both of the drivers were killed as a result of the accident.

Appellee filed a plea of privilege in which he alleged that Fred C. Reeder, Administra-

tor of the Estate of Dora Moore, deceased, was not at the time of the filing of the suit or service of citation and is not now a resident of Nueces County, and that at all such times the residence of such defendant was Kleberg County, Texas. Appellant controverted this plea, alleging that at all such times defendant was and is now a resident of Nueces County.

Reeder was the only witness at the venue hearing. He testified that he is the Administrator of the Estate of Dora Moore, deceased, and that he has resided in Nueces County since 1945, is a practicing lawyer with his office in Corpus Christi, and that he was such resident when this law suit was filed and has been at all times since then. This was the only evidence introduced. The plea of privilege was sustained, and the case was ordered transferred to the district court of Kleberg County.

On this appeal, appellant relies for reversal on the general rule fixing venue in the county of the residence of the defendant, and argues that there is no statute or other provision of law which fixes the residence for venue purposes of a defendant administrator in the county in which the administration proceedings are pending. Appellee, on the other hand, contends that the *official* residence of Fred C. Reeder in the capacity in which he was sued is in the county where the administration is pending, and not within the county of his personal residence, and that for such reason venue of this cause was properly removed to Kleberg County.

Prior to the recodification of the statutes in 1925, subd. 6 of Art. 1995, Vernon's Ann. Tex.St., provided that suits against an executor, administrator or guardian as such to establish a money demand against the estate *must* be brought in the county in which such estate is administered. In the 1925 recodification, the term *must* was changed to *may* so that such provision is no longer mandatory, but is merely permissive at plaintiffs' option. Vela v. Shacklett, Tex. Civ.App., 1 S.W.2d 670; Daniel v. Jones,

Tex.Civ.App., 103 S.W.2d 437; Key v. Alamo Nat. Co., Tex.Civ.App., 62 S.W.2d 1002, writ dism.; Quinn v. Home Owners' Loan Corporation, Tex.Civ.App., 125 S.W. 2d 1063; Steinbach v. Hearne, Tex.Civ. App., 278 S.W.2d 285.

In the absence of a statute which specifically establishes mandatory venue in actions against personal representatives of an estate as such, ordinary venue rules apply. We have found no Texas statute or rule of law which designates any official residence for venue purposes for executors or administrators. Appellee cites as authority for his position the case of Estate of Garrett v. Gay, Tex.Civ.App., 392 S.W.2d 565. Although the fact situation in that case is somewhat similar in principle to that in the instant case, the plaintiff in his controverting affidavit depended for venue on certain exceptions to Art. 1995 (Nos. 4 and 29a) which contentions, according to the opinion, were not supported by the evidence. It was on such account that the appellate court ordered the venue as to the Estate changed to the county where the estate proceedings were pending. This is shown by the court's reliance on Gilley v. Morse, Tex.Civ.App., 375 S.W.2d 569, wherein it was held that since plaintiffs had failed to prove by competent evidence that they had a bona fide cause of action against the resident defendants the case should be transferred to the county of the residence of the defendant pleading his privilege.

It was not necessary in our case that plaintiff establish any of the exceptions specified in Art. 1995; it was only essential that she prove the residence of the defendant in the county where the suit was brought. In view of the position taken and alleged in the controverting affidavit and on appeal by the plaintiff in Estate of Garrett v. Gay, we feel that such case is not authority in support of the position taken by appellee in the instant case.

Appellee also cites Dowdy v. Franklin, 203 Va. 7, 121 S.E.2d 817, 93 A.L.R.2d 1194 as holding that the official residence of an administrator of an estate for venue purposes in Virginia is in the county wherein the administration proceedings are pending. This point is discussed in the article following the opinion in 93 A.L.R.2d 1199 et seq., and a number of cases holding with and against the decision in Dowdy are annotated. We do not believe that Dowdy represents the Texas rule on the subject.

Appellee also asserts, as its second counterpoint, that the judgment should be affirmed because plaintiff did not prove that the administrator was duly appointed, was qualified, that the estate was currently pending, or that the order appointing him authorized him to defend the action. Appellee cites in support of his contention Anderson v. Huie, et al., Tex.Civ.App., 266 S. W.2d 410. There, plaintiff sued defendant individually and as independent executrix of the estate of Morris C. Huie for attorney fees. The suit was filed in Dallas County, where the estate was being administered. Defendant filed a plea of privilege to be sued in Cherokee County, where she resided. Plaintiff controverted on the ground that his suit was against an executrix as such, hence under subd. 6 of Art. 1995, the suit may be brought in the county where the estate is being administered. The appellate court held that the venue facts required to be proved under subd. 6 are (1) that the suit is against an executrix as such to establish a money demand against the estate and (2) that the suit was brought in the county in which the estate is administered, and upheld the trial court's order sustaining the plea of privilege because the plaintiff on the venue hearing did not discharge the burden of proving that the estate was still under administration at the time the suit was filed. Both trial court and appellate court held that the venue of the case was properly *in the county where the executrix actually resided.*

In the instant case, plaintiff did not rely for venue on any of the exceptions to Art. 1995, but plead and proved that the suit was filed in the county where the defendant administrator actually resided. That was the

**220**

only venue fact at issue, and under her pleadings, the only venue fact necessary for plaintiff to establish. On the trial on the merits, plaintiff's burden as to the matters set out in appellant's second counterpoint will be considerably greater. Fenimore v. Youngs et al., 119 Tex.Com.App. 159, 26 S.W.2d 195, cited by appellant.

We hold that on the venue hearing, the undisputed facts established plaintiff's right to maintain the suit in Nueces County.

The judgment is reversed, and rendered for appellant overruling defendant's plea of privilege, and retaining venue of the case in the district court of Nueces County, Texas.

Reversed and rendered.