### 18942

Eugene W. KELLER, Executor of the Estate of Kittie M. Fairey, Respondent, v. BANK OF ORANGEBURG, Executor of the Estate of James A. Moss, Appellant.

(169 S. E. (2d) 99)

*Messrs. McKay, McKay, Black, Sherrill, Walker & Wilkins,* of Columbia, *for Appellant,*

*Messrs. Roberts, Jennings & Thomas,* of Columbia, and *Gressette & Gressette,* of St. Matthews, *for Respondent,*

*Messrs. McKay, McKay, Black, Sherrill, Walker & Wilkins,* of Columbia, *for Appellant,*

July 16, 1969.

Bussey, Justice.

This action was commenced in the Court of Common Pleas for Calhoun County by the plaintiff, as executor of the estate of Mrs. Kittie M. Fairey, seeking to recover a refund in the amount of $55,000.00 from the defendant Bank, as executor of the estate of James A. Moss, lately a respected member of the Orangeburg Bar. The appeal is from an order of the circuit court denying a motion of the defendant Bank to change the venue of the action from Calhoun County to Orangeburg County.

Mrs. Fairey, a resident of Calhoun County, died on the 8th of July, 1967, her will, and codicils thereto, being admitted to probate in Calhoun County. By the terms of her will, her executor was directed to retain Mr. Moss to handle all legal matters connected with her estate and to pay Mr. Moss for his services an amount not less than the executor's commission, which amount was determined to be $75,000.00. A fee in such amount was paid on August 21, 1967 to Mr. Moss, who thereafter died on or about the 22nd of January, 1968, a resident of Orangeburg County, and his will was there duly admitted to probate. The complaint alleges that at the time of his death "there still remained a greater portion of the legal problems" to be handled for Mrs. Fairey's estate and that her estate was, accordingly, entitled to a refund of $55,000.00 of the amount paid in advance to Mr. Moss for legal services to be thereafter rendered. The Bank of Orangeburg is admittedly a banking corporation with an office and agents in Calhoun County, as well as Orangeburg County. It contends, however, that venue of the instant action is properly in Orangeburg County alone and that the circuit court erred in not so holding.

The sections of our Code pertinent to this appeal are Sections 10-303 and 10-304. The pertinent portion of Section 10-303 reads as follows:

"In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action."

The pertinent portion of Section 10-304 is as follows:

" * * * Any executor or executrix may likewise be sued in the county where the testator's will has been proved or admitted to probate. * * * "

The appellant concedes that it is well settled by our decisions that for ordinary purposes of Section 10-303, it is a resident of both Calhoun County and Orangeburg County. It does not challenge the holding of the lower court that the provision of Section 10-304 is simply a permissive one as opposed to a mandatory one, and that under such the plaintiff had the option of suing the Bank in Orangeburg County where it qualified as executor regardless of its residence.

The Bank contends, however, that for the purpose of Section 10-303 the residence of a corporate fiduciary should be held to be only that county wherein it is appointed and qualifies as executor. Such contention presents what appears to be a question of completely novel impression in this jurisdiction. In support thereof, the Bank relies on the Virginia case of *Dowdy v. Franklin,* 203 Va. 7, 121 S. E. (2d) 817, 93 A. L. R. (2d) 1194 (1961), and the West Virginia cases of *Charter v. Doddridge County Bank et al.,* 119 W. Va. 735, 196 S. E. 158 (1938), and *Charlotton v. Gordon,* 120 W. Va. 615, 200 S. E. 740, 741 (1938).

The annotation in 93 A. L. R. (2d) following the *Dowdy* case reviews at length the holdings of various jurisdictions, their statutory provisions, etc., with respect to venue of actions against fiduciaries. A review of the authorities from other jurisdictions indicates that at common law the executor was sued, in transitory actions, where he resided. Some

states have adopted permissive statutes similar to our Section 10-304, allowing an action to be brought against a fiduciary in the county of qualification, regardless of the residence of the fiduciary, and other states have adopted mandatory statutes fixing venue only in the county of appointment and qualification.

West Virginia is apparently the only state in which the court of last resort, independently of a mandatory statute, has adopted the broadly stated rule that a fiduciary has an official residence, which is in the county of his appointment and qualification, and that venue of a transitory action against such fiduciary is restricted to such official residence, regardless of his actual residence. It is true that the Virginia court in the *Dowdy* case cited and quoted with approval from the two West Virginia cases, hereinabove cited, but the decision of the court was also predicated upon the Virginia statute. An analysis of that statute and the Dowdy decision rather clearly indicates the Virginia statute to be a mandatory one, thus making reliance by the Virginia court upon the West Virginia cases unnecessary to a decision. While the Virginia court approved the West Virginia rule, it recognized that such was not in accordance with the majority rule, citing 34 C. J. S., Executors and Administrators, § 727, p. 724; 92 C. J. S. Venue § 58, p. 763.

The general and majority rule as to the venue of transitory actions against an executor or administrator is set forth in 92 C. J. S. Venue § 58, p. 763, as follows:

"Under general statutes with respect to venue, a personal representative may be sued in the county in which he resides.

"Under general statutes with respect to venue, and in the absence, of some special statute to the contrary, a personal representative, such as an executor or administrator, may be sued in the county in which he resides, regardless of where the estate is pending settlement or where a decedent might have been sued, and he is entitled to have the suit brought in the county where he resides and was served."

In addition to the cases cited in the footnotes to the quoted text, there are other decisions in which the West Virginia rule, urged upon us by the appellant Bank, has been squarely rejected. See *Baker v. Puckett,* 182 Ark. 265, 31 S. W. (2d) 286 (1930); *Thompson v. Wood,* 115 Cal. 301, 47 P. 50 (1896); *Long v. Stanford,* 135 Ga. 823, 70 S. E. 645 (1911).

Although the Dowdy case and the West Virginia cases, relied upon by the Bank, dealt with individual fiduciaries, the Bank argues that the West Virginia rule is particularly appropriate and just where a corporate fiduciary is involved. It is urged that unless this court adopts the West Virginia rule, a testator, in selecting a corporate executor, will subject his estate to suit in as many counties as the corporation has and maintains offices. This argument has some appeal, but we are of the view that corporate fiduciaries and the estates which they are administring are largely protected against harsh, dire or unjust results by the provisions of Section 10-310, for a change of venue in proper cases.

Whatever may be the justice and logic of the West Virginia rule as applied to the facts of the respective cases wherein it was evolved, we are not convinced that we would be warranted in adopting and applying such rule under the facts of the instant case. The alleged cause of action arose as a result of Mr. Moss' activity as an attorney for an estate being administered in the Probate Court of Calhoun County. The records of that court and likely other books and records located in Calhoun County are no doubt pertinent and necessary to the trial of the issues.

We conclude that the lower court properly denied the Bank's motion for change of venue, and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.