# CIRCUIT COURT OF THE CITY OF RICHMOND

W. Joseph Owen, III,
Administrator of the Estate of
Charles Bennett Griffith, III, Deceased

v.

Jeffrey Borneman

January 20, 1978

Case No. A-949

## By JUDGE MARVIN F. COLE

The Bill of Complaint (which was filed on June 9, 1977) alleges that an automobile accident occurred in Hanover County on June 19, 1975. The defendant, a non-resident, was operating in a negligent manner a motor vehicle in which the deceased was a passenger. The plaintiff, Owen, qualified as administrator of the estate of the deceased.

The plaintiff administrator filed suit in this court, claiming venue by virtue of the fact that he is personally a resident of the City of Richmond and that the defendant is a non-resident of Virginia.

Service of process was secured through the Division of Motor Vehicles on June 10, 1977, pursuant to 8-67.1 and 8-67.2 of the Code of Virginia. Section 8-67.1 describes the method of process on the Commissioner of Motor Vehicles as agent of non-resident motor vehicle operators and concludes with this statement: "such process against or notice to him which is so served shall be of the same legal force and validity as if served upon him personally in the County or Corporation in which such accident or collision occurred or in which a resident defendant, if any, resides."

Section 8-38(6A) states that any action may be brought in any County or Corporation as follows:

> If it be against a nonresident and the cause of action arose because of the operation of a motor vehicle on the highways of this state, wherein the plaintiff resides, or wherein the cause of action or any part thereof arose.

The question then is where does the plaintiff reside when the plaintiff is the administrator of an estate? Is it where he personally resides (as the plaintiff contends in this case) or is it where the qualification on the estate took place?

I believe that the case of *Dowdy* v. *Franklin*, 203 Va. 7 (1961), determines this case. The court stated the following:

> The administrator serves in any official capacity which may only arise from and be terminated by the court of the County or City in which he qualifies. His official residence, for purposes of venue, is in that County or City.

It is true that this is a case in which the administrator was the defendant, and in our case the administrator is the plaintiff. However, the above language is strong and persuasive.

Therefore, I believe that Hanover County is the proper venue for this case and since the exact same Motion for Judgment has been filed in Hanover County Circuit Court, it will not be necessary to transfer this case, but the same can be dismissed without prejudice.

Since the events of this case occurred prior to October 1, 1977, new Title 8.01 are not applicable to it. I believe however that the same result would follow.