The majority, in interpreting Alabama law, has held that a personal representative can file a wrongful death action in the county of his residence rather than in the county where he was appointed as a personal representative. I think the majority misconstrues legislative intent.
I am of the opinion that, for venue purposes, the residence of a personal representative in a wrongful death action is in the county where the deceased resided at the time of his death and where the deceased's estate is being administered and in which the administrator qualified.
I reach this conclusion because I believe that venue is determined by the provisions of Ala. Code 1975, § 6-5-410, which authorizes the personal representative to "commence an action . . . provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death."
The pertinent facts are stated in the opinion of the majority, and I will not restate them, except to say that the accident that caused the death of the administrator's intestate occurred in Tallapoosa County and that at the time of her death she resided there. Furthermore, the plaintiff administrator qualified in Tallapoosa County.
In its memorandum in support of its motion to transfer the action, W.S. Newell, Inc. ("Newell"), argued the following facts: that the automobile collision occurred in Tallapoosa County, that the decedents were all residents of Tallapoosa County, and that most of the witnesses needed to be called by the parties were residents of Tallapoosa County, not Macon County.
As this Court recently stated in Ex parte Cheriogotis,553 So.2d 558, 559 (Ala. 1989):
 "On review of an order transferring or refusing to transfer an action pursuant to a motion for change of venue, a writ of mandamus will not issue unless there is a clear showing of error on the part of the trial court. Ex parte Ralston, 519 So.2d 488 (Ala. 1987); Ex parte Finance America Corp., 507 So.2d 458 (Ala. 1987)."
(Emphasis added). My opinion that Newell is correct in its argument that the wrongful death action must be filed where the "intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death," as provided in Ala. Code 1975, § 6-5-410, is based upon the following reasons.
Alabama's Wrongful Death Act reads in part:
 "§ 6-5-410. Wrongful act, omission or negligence causing death.
 "(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere, for the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death."
(Emphasis added.)
This Court has not had many occasions to address the meaning of that portion of the Wrongful Death Act providing that a personal representative may commence an action if the "intestate could have commenced an action for such wrongful act, *Page 730 
omission or negligence if it had not caused death," especially in a factual setting where the venue of a wrongful death action is the question presented.
This Court in Harris v. Elliott, 277 Ala. 421, 171 So.2d 237
(1965), did discuss briefly, albeit in obiter dicta, the venue of wrongful death actions. In that case, the personal representative filed an action alleging wrongful death against Alabama Power Company in Jefferson County, in which she sought damages for the wrongful death of her husband, which occurred in Atmore, Escambia County, Alabama. Defendant Alabama Power filed a plea in abatement in which it alleged that the defendant was a domestic corporation; that at the time of the filing of the plea, the defendant was doing business by agent in Escambia County; that the plaintiff's residence was Bonifay, Florida, and that at the time of his death, the decedent was a resident of Bonifay, Florida. Alabama Power prayed that the suit be abated, alleging that venue was improperly laid in Jefferson County, and that any wrongful death suit must be instituted in Escambia County. The Circuit Court of Jefferson County sustained the plea in abatement and transferred the case to the Circuit Court, of Escambia County.
This Court, although holding that "mandamus [was] not the proper remedy because the ruling on the plea in abatement [could] ultimately be presented on appeal," nevertheless noted, in an "obiter dicta" opinion, that an Alabama wrongful death action against a domestic corporation was an action for "personal injuries" within the purview of Ala. Code 1975, §6-3-7, which reads:
 "§ 6-3-7. Same — Against foreign and domestic corporations.
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence. (Code 1886, § 2642; Code 1896, § 4207; Code 1907, § 6112; Acts 1919, No. 254, p. 240; Code 1923, § 10471; Code 1940, T. 7, § 60.)"
(Emphasis added).
The central question presented is, of course, where does a personal representative, suing for the wrongful death of the intestate, "reside"? The majority, in holding that the personal representative "resides" in the county of his or her own residence, rather than in the county where the estate is being administered, says that the provisions of the Wrongful Death Act have no effect upon the venue of such actions. I think the majority fails to properly follow legislative intent. I think that the venue of a wrongful death action must be based on the provision of the Wrongful Death Act that states that the personal representative may file a wrongful death action, provided the "intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death." § 6-5-410. In this case, if the intestate had lived, she would have been limited in the place where she could have filed the action, by the provisions of Ala. Code 1975, § 6-3-7. Can the administrator change the venue established by the legislature by moving to another county? I do not think so. I do not believe that the legislature intended to permit apersonal representative to file a wrongful death action in any county other than one in which the "intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death." § 6-5-410.
Clearly, I do not think, as the majority holds, that the legislature, in adopting the so-called "tort reform legislation," intended to permit a personal representative to file a wrongful death action in any county where the personal representative could establish a "residence."
My research of cases construing Alabama's Wrongful Death Act, and the language *Page 731 
of that act allowing a personal representative to sue only when the decedent could have maintained an action but for his or her death, convinces me that my understanding of legislative intent is sound.
In South North Alabama R.R. v. Sullivan, Adm'r, 59 Ala. 272
(1877), one of the first cases decided by this Court that explained the meaning of Ala. Code 1867, § 2297 (a predecessor statute to Ala. Code 1975, § 6-5-410(a)), this Court stated that the phrase " 'if the former could have maintained an action against the latter for the same act or omission, had it failed to produce death,' was intended to declare the character of act or omission which would support the action; not the person by whom it could be maintained." Id. at 281.[1]
This Court, in Breed v. Atlanta, B. C. R.R., 241 Ala. 640,642, 4 So.2d 315, 316 (1941), had an opportunity to address one of the underlying purposes of the Wrongful Death Act, the prevention of homicides. Breed involved a convict who, while serving a life sentence in prison, was killed by a passing train, and in that case this Court had occasion to construe, once again, that provision of the Wrongful Death Act stating that the decedent must have been able to commence an action but for his death. This Court stated that even though the convict was "civilly dead," due to his conviction and sentence to life imprisonment, the deceased convict's personal representative could, nevertheless, maintain a wrongful death action against the railroad company, because the wrongful death statute "deals with the natural right of life which is in no way affected by a conviction and sentence to life imprisonment." This Court, explaining the nature of a wrongful death action, stated:
 "The right of action which the statute [i.e., the wrongful death statute] gives is a new right, not derivative nor the right of succession to the person slain. It is not a right of property, and the personal representative in bringing and prosecuting the suit acts as an agent of legislative appointment for the effectuation of the public policy it declares — the prevention of homicides. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912 [(1911)]; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A., N.S., 568 [(1908)]; Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882 [(1921)]."
241 Ala. at 642-43, 4 So.2d at 317.
As noted in both the Sullivan and Breed cases, supra, the right of action created by the Wrongful Death Act is predicated on whether the decedent could have commenced the action had the decedent lived to file it, but those two cases do not address the question presented here regarding the venue of the action.
I think that this Court, in Harris v. Elliott, albeit by obiter dicta, suggested that venue should be in the place where the decedent could have filed the action except for his death. I find support for this position in Suell v. Derricott,161 Ala. 259, 262-63, 49 So. 895, 897 (1909), a case that is neither cited nor distinguished by the majority, where this Court stated:
 "It must be observed that the right of action [for wrongful death] is only given under this statute [referring to Ala. Code 1896, § 27, a later precursor to Ala. Code 1975, § 6-5-410] to the personal representative when the intestate could have maintained an action for the same act had it failed to produce death. A corollary of this is that, if the wrongful act complained of had not produced death, *Page 732 
but only an injury, and the person injured could not have maintained an action, then the personal representative cannot maintain an action under the statute when death results. It would therefore seem to follow that all defenses available to the defendant, if the action had been brought by the person injured when death did not result, are available to the defendant in an action brought by the administrator of the person injured for the wrongful death; that the burden of proof, and the weight and sufficiency of the evidence, would be the same in both cases."
(Emphasis added).
Ala. Code 1896, § 27, cited, in Suell v. Derricott, supra, reads as follows:
 "A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or corporations, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death; such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for such wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."
(Emphasis added).
In the present case, in its answer filed in response to Lewis's complaint, Newell raised the defense of "improper venue," pursuant to Rule 12(b)(3), A.R.Civ.P. In its brief in support of its petition for writ of mandamus in this Court, Newell argues that the proper venue is Tallapoosa County, not Macon County. Newell further argues that had the decedent not died in the automobile collision, then, unquestionably, the proper venue for the action would have been Tallapoosa County, not Macon County, because the decedent resided in Tallapoosa County and also because the fatal automobile accident occurred in Tallapoosa County. Finally, Newell argues that if a personal representative of a decedent can "choose" the forum in which he can commence his wrongful death action against a domestic corporation merely by establishing his residence in a county in which that domestic corporation "does business," then "forum shopping" could become a common occurrence.[2]
I think that the answer to the question of which county is the proper venue for a wrongful death action can be found in the interpretation made by this Court of the wrongful death statute in effect when the Court decided Suell v. Derricott, supra, in which this Court stated that "all defenses available to the defendant, if the action had been brought by the person injured when death did not result, are available to the defendant in an action brought by the administrator of the person injured for the wrongful death." (Emphasis added.)
I find support for my position that the residence of the personal representative in a wrongful death action is in the county of the appointment of the personal representative. InDowdy v. Franklin, 203 Va. 7, *Page 733 121 S.E.2d 817, 93 A.L.R.2d 1194 (1961), Justice Carrico, now Chief Justice Carrico, said the following, in a case in which an infant, suing by and through his mother and next friend, filed an action for his personal injuries sustained in an automobile accident against the personal representative of an estate, in the county of the residence of the personalrepresentative instead of in the county where the administrator qualified:
 "In the case of an administrator of the estate of a deceased person, the most convenient and familiar jurisdiction is, logically and legally, that in which the administrator qualifies, since it is, a fortiori, the place of last residence of the deceased in whose place and stead, for the purposes of actions or suits against the estate the administrator stands, and is at the same time the source of the administrator's authority and the place where he must state and settle his accounts. The administrator serves in an official capacity which may only arise from and be terminated by the court of the county or city in which he qualifies. His official residence, for purposes of venue, is in that county or city."
203 Va. at 11, 121 S.E.2d at 826. (Emphasis added.)
Because I believe that this Court should adopt the rule that the residence of a personal representative who files a wrongful death action is, for venue purposes, in the county where the personal representative qualifies, I disagree with the holding made in this case. I express no opinion on the other issue presented, whether Newell was, in fact, doing business in Macon County.
I do feel, however, even assuming that the majority is correct in determining that the plaintiff is a resident of Macon County, that the provisions of the forum non conveniens statute[3] could be applicable.
STEAGALL, J., concurs.
[1] The wrongful death statute in force at the time of the decision in South North Alabama R.R. v. Sullivan, Adm'r
(Ala. Code 1867, § 2297, amended on February 5, 1872), read as follows:
 "When the death of a person is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action against the latter at any time within two years thereafter, if the former could have maintained an action against the latter for the same act or omission, had it failed to produce death, and may recover such sum as the jury deem just, and the amount so recovered shall be distributed as personal property of an intestate is now distributed; and shall not be subject to the payment of the debts of the deceased; and such right of action shall survive against the personal representative of the person unlawfully causing the death aforesaid." (Emphasis added.)
The aforementioned and amended portion of § 2297 is found in Ala. Code 1876, § 2641.
[2] In order for a plaintiff to commence a "personal injury" action, which includes a "wrongful death" action, against a domestic corporation under Ala. Code 1975, § 6-3-7, he must either (1) commence the action in the county where the injuryoccurred or (2) commence the action in the county where theplaintiff resides if the corporation does business by agent in the county of the plaintiff's residence.
The briefs filed by the parties indicate that at the time of the fatal automobile collision Newell had a sustained history of "doing business" both in Tallapoosa County and in Macon County. The question of "where" a plaintiff resides, as it pertains to a wrongful death action commenced against a domestic corporation under Ala. Code 1975, § 6-3-7, is the focal point of the remaining portion of my opinion.
[3] Code of Ala. 1975, § 6-3-21.1.