# CIRCUIT COURT OF THE CITY OF RICHMOND

Dray Jones

v.

Thomas D. Stokes, III,
Administrator
of the Estate of
Russell R. Abel, Jr.,
and P&C Services, Inc.

February 11, 2013

Case No. CL12-3188

BY JUDGE MELVIN R. HUGHES, JR.

Before the Court is Defendant's Motion Objecting to Venue pursuant to Va. Code §§ 8.01-265 and 8.01-266. On August 30, 2011, Plaintiff filed this case against the Defendant for injuries sustained as a result of an automobile accident in Powhatan County. Russell R. Abel, Jr., was allegedly involved in a motor vehicle accident with Dray Jones, Plaintiff. Abel died as a result of the accident. Thomas D. Stokes, III, the Defendant, is the administrator of Abel's estate.

Defendant qualified as the administrator of the decedent Abel's estate in Chesterfield County. Defendant, who is an attorney, also maintains an office in the City of Richmond. Defendant was served with process at his office in Richmond. In defense of the motion, Plaintiff argues that Defendant's business presence in the City of Richmond makes venue proper here pursuant to Va. Code § 8.01-262 despite the specific provision of part (6) which provides for proper venue when a fiduciary is sued in his fiduciary capacity. The Court considers that Defendant's motion objecting to venue is well-taken.

In *Dowdy v. Franklin*, 203 Va. 7, 11, 121 S.E.2d 817, 820 (1961), the Supreme Court stated, "[i]n the case of an administrator of the estate of a deceased person, the most convenient and familiar jurisdiction is, logically

and legally, that in which the administrator qualifies, since it is, *a fortiori,* the place of last residence of the deceased in whose place and stead. . . ." The Court reasoned that, "impractical results would follow the construction urged by the plaintiff. . . . [It] would be highly impractical and not in conformity with orderly and convenient administration of justice to permit a claim against the bank to be prosecuted in the far distant county of the receiver's personal residence, merely because of such personal residence." *Id.* (quoting *Charter v. Doddridge County Bank,* 119 W. Va. 735, 737, 196 S.E. 158, 159 (1937)).

In *Cotman v. Zwerdling,* 45 Va. Cir. 249 (1998), this Court ruled that a defendant, sued in a fiduciary capacity, may only be sued where that person qualified as an administrator:

> The words the Legislature uses in § 8.01-262(6) refer to where venue is proper when one is sued in the capacity of an administrator of an estate, the place of qualification. Given the principle of statutory construction "the specific governing the general," the intent is to look to the defendant in his or her capacity as administrator rather than where the administrator may otherwise have business in some other capacity.

As such, an administrator stands in the decedent's "place and stead" and qualifies where the decedent resided prior to his or her death. Therefore, Va. Code § 8.01-262(6), in effect, provides that venue is proper where the decedent resided, i.e. where a defendant administrator is qualified.

Of course, the Plaintiff may also sue where the accident occurred. Va. Code § 8.01-262(4). As the personal representative of the decedent's estate, Defendant stands in the shoes of the decedent for the purposes of venue, and an action against the administrator may be maintained where the accident occurred. In *Dowdy,* the Supreme Court approved the rule of *Charter,* which stated that a representative may not be sued where he personally resides or does business, but where the represented entity does business or resides.

This case shall be transferred to either Chesterfield County or Powhatan County according to Plaintiff's choice.