# New England Mortgage Security Co. *v.* Ingram.

*Statutory Action in nature of Ejectment.*

1. *Foreign corporation; "authorized agent and known place of business," under constitutional provision.*—The constitutional provision forbidding foreign corporations to do any business in Alabama "without having at least one known place of business and an authorized agent or agents" here (Art. XIV, § 4), is self-executing; and a sufficient compliance with its requirements, before the passage of the statute approved February 28th, 1887 (Sess. Acts 1886–7, p. 102,) is shown by the uncontradicted testimony of the agent, to the effect that he was appointed agent for the corporation by power of attorney under its corporate seal, signed by the president and attested by the secretary, which, after referring to said constitutional provision, recited that he was appointed agent for the corporation for the purpose of complying with its requirements, and designated his office in Selma as its known place of business; and further, that he accepted the appointment, and put up a placard on the wall of his office stating the name of the corporation and his own name as agent, and a signboard over the door of his office stating the nature of his business.

APPEAL from the Circuit Court of Russell.

Tried before Hon. JESSE M. CARMICHAEL.

This action was brought by the New England Mortgage Security Company, a corporation chartered under the laws of Connecticut, against D. W. Ingram and his wife, to recover the possession of a large tract of land; and was commenced on the 3d of March, 1890. The plaintiff claimed the land under a mortgage executed to it by the defendants, which was dated December 24, 1886, and duly acknowledged on the 4th of January, 1887. The complaint averred that, at the time the mortgage was taken, plaintiff had an authorized agent and a known place of business in Alabama; and the defendants, by a plea on which issue was joined, denied this fact. On the trial, as the bill of exceptions states, the plaintiff offered the mortgage in evidence, and with it the affidavit of E. D. Bowles, to show a compliance with the constitutional provision. The defendants "moved to exclude the evidence, because it was insufficient and inadequate to show a legal compliance with the constitutional provision;" which motion being sustained by the court, the plaintiff took a nonsuit.

The affidavit of Bowles was in these words: " On December 24th, 1886, and on January 4th, 1887, I was

22

agent for the New England Mortgage Security Company, and resided in the city of Selma, Alabama. I was appointed such agent in the Spring of 1885, and continued to act in that capacity until March 19th, 1887. My appointment by said corporation as its agent was in writing, under the corporate seal of said corporation, and was signed by its president and attested by its treasurer or secretary. Said written instrument is not now in my possession, and I do not know where it is, and can not produce it. I gave it to one F. W. Watkins, in 1886, or 1887, who said he wanted it for use in the courts, and have not seen it since. Said Watkins is not now in this State, and I do not know where he is. The substance of said writing, as near as I can give it, is as follows: It began by referring to section 4, of Art. XIV of the Constitution of the State of Alabama, and the requirements therein contained as to foreign corporations having agents and a known place of business within this State before doing business in Alabama, and then recited that I was appointed agent for said corporation for the purpose of complying with said requirements, and designated my office in the city of Selma, Alabama, as its known place of business. I accepted the appointment as agent for said corporation, as soon as it was made, and said corporation paid me a salary to act as its agent up to the time I resigned in 1887. Immediately upon my appointment as agent for said company, I exhibited on the walls of my office, a sign on which was painted the words: 'The New England Mortgage Security Company, E. D. Bowles, agent.' On the outside of my office, and over the door of the same, was displayed my business sign, consisting of my name and the style of my business, to-wit: 'Real Estate and Insurance.' After my appoinment as agent, as above set out, I did no business whatever for said corporation, and was required to do none, other than to answer whatever inquiries were made of me as to the location and charter of said corporation, and to accept service of whatever writs or legal process were issued out of the courts of this State."

The exclusion of the evidence is assigned as error.

ROQUEMORE, WHITE & McKENZIE, for appellant.

L. W. MARTIN, *contra.*

STONE, C. J.—The present record raises but a single question. Article XIV, section 4, of the Constitution of Alabama, ordains, that no foreign corporation "shall do any business in this State, without having at least one known place of busi-

ness, and an authorized agent or agents therein; and such cor- poration may be sued in any county where it does business, by service of process upon an agent anywhere in this State." We have uniformly held that the constitutional clause we have copied is self-executing, without any statute to give it practi- cal operation.—*Amer. U. Tel. Co. v. W. U. Tel. Co.*, 67 Ala. 26; *Beard v. Union & Amer. Pub. Co.*, 71 Ala. 60; *Sherwood v. Alvis*, 83 Ala. 115; *Dudley v. Collier*, 87 Ala. 431; *Farrior v. N. E. M. Sec. Co.*, 88 Ala. 275; *Mullens v. Amer. F. & M. Co., Ib.* 280; *Craddock v. Same, Ib.* 281; *Christian v. Amer. Freehold Land Mortgage Co.*, 89 Ala. 198.

Possibly this question is now out of the field of legitimate debate. In all transactions originating since the enactment of the statute "to give force and effect" to that constitutional clause—February 28, 1887—there has been no difficulty or uncertainty in conforming to its requirements.—Sess. Acts, p. 102. In the case in hand, the loan and mortgage security were negotiated prior to the enactment of the statute. It must therefore be determined on the constitutional provision alone.

The trial court ruled, that the appellant corporation, in its attempt to conform to this requirement of the Constitution, had fallen short; and failing to get before the jury its testi- mony on that point, a non suit was taken, with a bill of ex- ceptions. The legality and sufficiency of the testimony ruled out, present the only questions for our consideration on this appeal.—Code of 1886, § 2759.

The record does not inform us on what principle the ruling of the Circuit Court was based. If the contention was that the authority given to Bowles, the agent, was not comprehen- sive enough, we think the position untenable. The real pur- pose of the constitutional requirement was, to relieve persons who have dealings with foreign corporations of the burden of going out of the State to institute judicial proceedings for the redress of grievances suffered at the hands of such foreign corporations. The second clause of said section of the Con- stitution proves this. The agent's powers, as testified by him, were ample for this purpose.

What are we to understand is the meaning of the phrase, "known place of business." *Known* is a word of very com- prehensive and varied meaning, and is shaded very much by the nature of the subject of inquiry. It can not mean that the place of business shall be known "of all men." That would be too exacting, and would require what not only could not be proved, but could not in the nature of things exist. If it be claimed that the word implies that the person dealing with the

corporation shall have knowledge of its place of business, the answer is, that the language of the constitutional provision repels that interpretation. This interpretation would be too narrow to satisfy the obvious import of the terms employed, and we can not adopt it. Nor can we hold that the meaning of the clause is, that the place of business must have become generally known. To become generally known requires that a business shall have been conducted at a particular place, with such public methods, and for such a length of time, as to raise the presumption that the public has acquired knowledge of it; in other words, that the business shall have been carried on a sufficient length of time to generate the presumption of notice or general knowledge, before a foreign corporation can be authorized to engage in such business. The absurdity of such a proposition is self-evident.

The Constitution is silent as to the manner of giving notice of an established place of business, and we have stated some of the difficulties we encounter in formulating a rule for carrying the constitutional inhibition into effect, in the absence of legislative direction. Possibly, these difficulties present a strong argument against the position, if it were open to debate, that section 4, Art. XIV of our State Constitution, is self-executing. But we will not further allude to that question.

We can not give the word *known* either of the meanings supposed above. We think we effectuate the spirit of the clause by holding, as we do, that the constitutional requirement, in the absence of the statute, was fully complied with in this case. A place of business was established in the city of Selma, Alabama, and Mr. Bowles, stationed there, was fully authorized and empowered to receive service of process, binding the corporation. His character as agent was made known by a sign or placard posted in his office. This enabled the public, on inquiry, to ascertain the place of business and the name of the agent, and constituted a known place of business.

The judgment of the Circuit Court is reversed, the nonsuit set aside, and the cause remanded.