# Alabama Great Southern Ry. Co. v. Ambrose.

## *Death Action.*

(Decided Nov. 18, 1909.—50 South. 1030.)

*Jurisdiction; Venue; Corporation; Death Action.*—The provisions of section 4207, Code 1896, and of General Acts 1903, p. 182, apply to a suit by an administrator for personal injury resulting in the death of his intestate, so that such action must be brought in the county where the injury occurred, or where the plaintiff resides; and this, notwithstanding the first clause of the statute, or section 232, Constitution 1901.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by W. L. Ambrose, as administrator, against the Alabama Great Southern Railway Company, for damages for the death of his intestate. Judgment for plaintiff and defendant appeals. Reversed and remanded.

· A. G. & E. D. SMITH, for appellant.—Counsel insist that under section 4207, Code of 1896, as amended by General Acts 1903, p. 182, the court improperly sustained demurrers to defendant's plea to the jurisdiction. They also cite in this connection sec. 1751, Code 1896. Counsel discuss other matters assigned as error and cite authority in support of same, but it is deemed unnecessary to here set them out.

FRANK S. WHITE & SONS, for appellee.—Counsel insist that the action contemplated are actions for personal injuries and not actions for injuries causing death, and that the statute has no application to administrators suing. They cite in support of their contention.—

*James v. R. & D. R. R. Co.,* 92 Ala. 231; *L. & N. v. Orr,*
91 Ala. 548; *L. & N. v.Trammel,* 63 Ala. 354. They in-
sist further that even if the statute is applicable to this
suit that the pleas nowhere allege that the defendant is
a domestic corporation, and that hence, the constitution
determines the jurisdiction. They cite.—Sec. 232, Const.
1901; *City Council v. Wetumpka,* 31 Ala 76; *Kelley v.
Trustees,* 59 Ala. 489; *Drake v. Flewellen,* 33 Ala. 136.
Counsel discuss other assignments of error, not deemed
necessary to be here set out.

SIMPSON, J.—This action is by the appellee against
the appellant for damages on account of a personal in-
jury to plaintiff's intestate, resulting in his death. Pleas
to the jurisdiction were interposed, alleging that the in-
jury occurred in Bibb county, that the intestate resided
in said county, and said administrator, the plaintiff, also
resided in said county. Demurrers were interposed to
said pleas, which demurrers were sustained.

Section 4207 of Code of 1896 provided that "a foreign
or domestic corporation may be sued in any county in
which it does business by agent." The act of March 5,
1903, amended that action by adding: "Provided, that
all actions for personal injuries must be brought in the
county where the injury occurred, or in the county
where the plaintiff resided; provided, further, that such
corporation does business by agent in the county of
plaintiff's residence." Acts 1903, p. 182. The appellee
insists that this provision does not apply to a suit
brought by a personal representative.

We can see no reason to justify such a holding. The
objects sought by the statute are just as applicable to
the case of an action by a personal representative as one
by the party injured himself. Besides, the wording of
the statute is clear and explicit, and there is no room

for any construction beyond its language. Although the personal injury has resulted in death, yet the action is for the personal injury, the administrator is the plaintiff, and the action must be brought either "in county where the injury occurred, or the county where the plaintiff resides." The fact that the first clause of the section, and section 232 of the Constitution of 1901, provide generally that a corporation may be sued in any county where it does business by agent, does not in the least affect the particular provision that in this class of cases the action must be brought in the counties designated. The demurrers should have been overruled.

The judgment of the court is reversed, and the cause remanded.

DOWDELL, C. J. and MCCLELLAN and MAYFIELD, JJ., concur.