569 So.2d 725 (1990)
Ex parte W.S. NEWELL, INC.
(Re Christopher LEWIS as administrator of the estate of Teresa Lewis, deceased, et al. v. W.S. NEWELL, INC.)
89-718.
Supreme Court of Alabama.
September 28, 1990.
*726 Michael S. Jackson of Beers, Anderson, Jackson & Smith, Montgomery, for petitioner.
Larry W. Morris of Radney & Morris, Alexander City, for respondents.
ADAMS, Justice.
W.S. Newell, Inc. ("Newell"), a domestic corporation, petitions this Court for writ of mandamus to direct the Honorable James Avary, Circuit Judge of Macon County, to transfer this wrongful death action to the Circuit Court of Tallapoosa County, the county in which the plaintiff's decedent was killed. We deny the petition.
On May 1, 1989, Teresa Lewis was killed when the vehicle in which she was a passenger collided with another vehicle in the intersection of Lafayette Street and U.S. Highway 280 in Dadeville, Alabama. Teresa Lewis and her husband, Christopher, had two infant children and Mrs. Lewis was seven months pregnant with her third child at the time of her death. Approximately one month after the accident, Mr. Lewis moved from his home in Tallapoosa County and relocated near a relative in Macon County; he explained his move by saying that he could no longer "handle" living in the marital home.
On July 6, 1989, Mr. Lewis, as administrator of the estate of Teresa Lewis, filed a wrongful death action against Newell in the Circuit Court of Macon County. Newell was the construction firm that had built the portion of U.S. Highway 280 where the collision occurred. Mr. Lewis alleged that a slope abutting the north side of the highway at the intersection had been constructed in a negligent or wanton manner so as to obstruct the vision of the driver of the automobile in which his wife died.
On September 15, 1989, Newell filed its answer, in which it denied liability for the collision and also contested venue. On January 2, 1990, Newell filed a motion for change of venue from Macon County to Tallapoosa County. On February 5, 1990, Macon County Circuit Judge James Avary denied the motion. Newell filed this petition for a writ of mandamus, pursuant to Ala.R.App.P. 21(a).
This case turns upon the interaction between Ala.Code 1975, § 6-3-7, which provides for venue in personal injury actions against corporations, and § 6-5-410, the Alabama Wrongful Death Act. Section 6-3-7 provides "that all actions against a... corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
Newell contends, however, that in a wrongful death case, venue should be determined based upon the county of the residence of the deceased at the time of death rather than upon the place of residence of the personal representative at the time suit is filed. In essence, Newell's argument imports a separate venue provision into the Alabama Wrongful Death Act.
*727 The Act provides that "[a] personal representative may commence an action ... for the wrongful act, omission or negligence of any person, persons or corporation... provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death." Ala.Code, 1975 § 6-5-410 (emphasis added). The rule proposed by Newell would not only require us to read the two sections in pari materia, but would require us to substitute "the deceased" in § 6-5-410 for "the plaintiff" in § 6-3-7. In this case the result would limit the personal representative in his right to bring an action by the inability of the deceased now to change her residence. Failure to adopt this rule, Newell asserts, promotes forum shopping.
We have not previously written to the precise issue now before this Court; nevertheless, we do not write on a clean slate. Long ago, this Court addressed the relationship between the two sections. Therefore, a historical review of the predecessor of § 6-3-7 is essential.
Section 232 of the Constitution of 1901 provided: "[A foreign] corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state." Ala. Const. art. XII, § 232 (1901). The Constitution contained no corresponding provision dealing with venue in suits against domestic corporations. The corresponding statutory venue provision was found in Ala.Code 1896, § 4207. That section, the predecessor of § 6-3-7, simply provided: "A foreign or domestic corporation may be sued in any county in which it does business by agent."
Notwithstanding the express constitutional provision for statewide suit against foreign corporations, the legislature, by Act of March 5, 1903, Ala. Acts 1903, No. 174, amended Ala.Code 1896, § 4207. The section, as amended, provided:
"A foreign or domestic corporation may be sued in any county in which it does business by agent; but all actions for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiff's residence."

Ala.Code 1907, § 6112 (emphasis added). In Alabama Great Southern R.R. v. Ambrose, 163 Ala. 220, 50 So. 1030 (1909), this Court held that § 6112 required a personal representative suing for wrongful death to bring the suit in the county "where the injury occurred," or in the county of the personal representative's residence. Ambrose, 163 Ala. at 222, 50 So. at 1030. In Ambrose, Bibb County was the county of residence of both the deceased and the personal representative, and was also the county in which the injury occurred. The defendant corporation contended that venue was proper only in Bibb County, as provided by the amendment to § 6112. In rejecting the personal representative's contention that the amendment limiting venue in personal injury actions had no application to a wrongful death action brought by the personal representative, this Court said:
"The objects sought by the statute are just as applicable to the case of an action by a personal representative as one by the party injured himself. Besides, the wording of the statute is clear and explicit, and there is no room for any construction beyond its language. Although the personal injury has resulted in death, yet the action is for the personal injury, the administrator is the plaintiff, and the action must be brought either `in [the] county where the injury occurred, or [in] the county where the plaintiff resides.'"
Ambrose, 163 Ala. at 221-22, 50 So. at 1030 (emphasis added).
Eight years later, this Court held § 6112 to be unconstitutional as applied to foreign corporations, on the ground that the legislature had no power to limit venue in personal injury actions against a foreign corporation to the county of the injury or to the county of the plaintiff's residence when the Constitution had expressly provided for statewide venue of actions against foreign corporations. Ex parte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438 (1917).
*728 Because of the holding that § 6112 was unconstitutional insofar as it related to foreign corporations, the Court deemed it necessary, over a vigorous dissent, to overrule Ambrose to the extent that the holding of that case applied to foreign corporations. The Court noted, however, that the statute was valid insofar as it applied to domestic corporations. But if Ambrose was constitutionally deficient in any respect, the deficiency has been cured by the 1988 "tort reform" amendment to the Alabama Constitution.
On March 8, 1988, Ala. Const. art. XII, § 232, was amended, the amendment being the "final phase of Alabama's tort reform effort." R. Gaines and W. Hancock, Tort Reform in Alabama: A Proponent's Perspective, 18 Cumb.L.Rev. 649, 652 (1988). Amendment 473 provides that "[a]ny foreign corporation ... may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation." As a result of the amendment, "all actions against a domestic [or foreign] corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence." Ala.Code 1975, § 6-3-7 (emphasis added). The legislature's recent "tort reform" effort has thus removed any impediment to the application of the holding in Alabama Great Southern R.R. v. Ambrose, 163 Ala. 220, 50 So. 1030 (1909).
A rule such as that suggested by Newell would not only create a conflict in Alabama venue law where none previously existed, but would produce the anomalous result of denying the plaintiff personal representative the right to sue in the county of his residencea right clearly granted to plaintiffs by the Alabama Constitution in all personal injury actions against corporations. Because we do not believe the legislature intended this anomaly, we decline to adopt such a rule. Instead, we hold, in accord with the holding in Ambrose, that § 6-3-7 simply requires that a wrongful death action, brought by the personal representative, be brought in the county where the injury occurred or in the county where the personal representative resides, provided the corporation does business there.
In so holding, we do not intend to supersede the broad discretion granted the trial judge by Ala.Code 1975, § 6-3-21.1, to transfer a case to the most convenient forum. That section provides:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.)
In all cases involving the forum non conveniens doctrine, the "question of whether a case should be entertained or dismissed `depends largely upon the facts of the particular case and is in the sound discretion of the trial judge.'" Ex parte Auto Owners Ins. Co., 548 So.2d 1029, 1032 (Ala.1989) (quoting Restatement (Second) of Conflict of Laws § 84, at 251 (1971)). In view of this plain legislative directive, we will reverse a trial judge's decision not to transfer only upon a clear showing of an abuse of discretion. See Ex parte Charter Retreat Hosp., Inc., 538 So.2d 787, 789 (Ala.1989). Moreover, the burden of showing such an abuse is upon the party seeking the writ of mandamus. Id.; see also Isbell v. Smith, 558 So.2d 877, 880 (Ala.1989).
In this case, a number of factors weighed in favor of keeping this case in Macon County. For example, Newell's home office and the business office of a number of proposed defense witnesses are located in Montgomery County. Montgomery County abuts Macon County and is, therefore, closer to Macon County than to Tallapoosa County. In addition, the physical characteristics of the intersection at which the accident occurred have been substantially altered since the accident. There *729 was evidence that the trial judge was concerned that prospective jurors might be so familiar with the intersection as to adversely affect the trial process. Under the circumstances, we conclude that Newell has not met its burden of showing a clear abuse of discretion on the part of the trial judge.
A writ of mandamus will issue only in a clear case. Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989). Because this is not such a case, the petition is hereby denied.
WRIT DENIED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
The majority, in interpreting Alabama law, has held that a personal representative can file a wrongful death action in the county of his residence rather than in the county where he was appointed as a personal representative. I think the majority misconstrues legislative intent.
I am of the opinion that, for venue purposes, the residence of a personal representative in a wrongful death action is in the county where the deceased resided at the time of his death and where the deceased's estate is being administered and in which the administrator qualified.
I reach this conclusion because I believe that venue is determined by the provisions of Ala.Code 1975, § 6-5-410, which authorizes the personal representative to "commence an action ... provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death."
The pertinent facts are stated in the opinion of the majority, and I will not restate them, except to say that the accident that caused the death of the administrator's intestate occurred in Tallapoosa County and that at the time of her death she resided there. Furthermore, the plaintiff administrator qualified in Tallapoosa County.
In its memorandum in support of its motion to transfer the action, W.S. Newell, Inc. ("Newell"), argued the following facts: that the automobile collision occurred in Tallapoosa County, that the decedents were all residents of Tallapoosa County, and that most of the witnesses needed to be called by the parties were residents of Tallapoosa County, not Macon County.
As this Court recently stated in Ex parte Cheriogotis, 553 So.2d 558, 559 (Ala.1989):
"On review of an order transferring or refusing to transfer an action pursuant to a motion for change of venue, a writ of mandamus will not issue unless there is a clear showing of error on the part of the trial court. Ex parte Ralston, 519 So.2d 488 (Ala.1987); Ex parte Finance America Corp., 507 So.2d 458 (Ala.1987)."
(Emphasis added). My opinion that Newell is correct in its argument that the wrongful death action must be filed where the "intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death," as provided in Ala.Code 1975, § 6-5-410, is based upon the following reasons.
Alabama's Wrongful Death Act reads in part:
"§ 6-5-410. Wrongful act, omission or negligence causing death.
"(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere, for the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death."

(Emphasis added.)
This Court has not had many occasions to address the meaning of that portion of the Wrongful Death Act providing that a personal representative may commence an action if the "intestate could have commenced an action for such wrongful act, *730 omission or negligence if it had not caused death," especially in a factual setting where the venue of a wrongful death action is the question presented.
This Court in Harris v. Elliott, 277 Ala. 421, 171 So.2d 237 (1965), did discuss briefly, albeit in obiter dicta, the venue of wrongful death actions. In that case, the personal representative filed an action alleging wrongful death against Alabama Power Company in Jefferson County, in which she sought damages for the wrongful death of her husband, which occurred in Atmore, Escambia County, Alabama. Defendant Alabama Power filed a plea in abatement in which it alleged that the defendant was a domestic corporation; that at the time of the filing of the plea, the defendant was doing business by agent in Escambia County; that the plaintiff's residence was Bonifay, Florida, and that at the time of his death, the decedent was a resident of Bonifay, Florida. Alabama Power prayed that the suit be abated, alleging that venue was improperly laid in Jefferson County, and that any wrongful death suit must be instituted in Escambia County. The Circuit Court of Jefferson County sustained the plea in abatement and transferred the case to the Circuit Court of Escambia County.
This Court, although holding that "mandamus [was] not the proper remedy because the ruling on the plea in abatement [could] ultimately be presented on appeal," nevertheless noted, in an "obiter dicta" opinion, that an Alabama wrongful death action against a domestic corporation was an action for "personal injuries" within the purview of Ala.Code 1975, § 6-3-7, which reads:
"§ 6-3-7. SameAgainst foreign and domestic corporations.
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence. (Code 1886, § 2642; Code 1896, § 4207; Code 1907, § 6112; Acts 1919, No. 254, p. 240; Code 1923, § 10471; Code 1940, T. 7, § 60.)"
(Emphasis added).
The central question presented is, of course, where does a personal representative, suing for the wrongful death of the intestate, "reside"? The majority, in holding that the personal representative "resides" in the county of his or her own residence, rather than in the county where the estate is being administered, says that the provisions of the Wrongful Death Act have no effect upon the venue of such actions. I think the majority fails to properly follow legislative intent. I think that the venue of a wrongful death action must be based on the provision of the Wrongful Death Act that states that the personal representative may file a wrongful death action, provided the "intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death." § 6-5-410. In this case, if the intestate had lived, she would have been limited in the place where she could have filed the action, by the provisions of Ala.Code 1975, § 6-3-7. Can the administrator change the venue established by the legislature by moving to another county? I do not think so. I do not believe that the legislature intended to permit a personal representative to file a wrongful death action in any county other than one in which the "intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death." § 6-5-410.
Clearly, I do not think, as the majority holds, that the legislature, in adopting the so-called "tort reform legislation," intended to permit a personal representative to file a wrongful death action in any county where the personal representative could establish a "residence."
My research of cases construing Alabama's Wrongful Death Act, and the language *731 of that act allowing a personal representative to sue only when the decedent could have maintained an action but for his or her death, convinces me that my understanding of legislative intent is sound.
In South & North Alabama R.R. v. Sullivan, Adm'r, 59 Ala. 272 (1877), one of the first cases decided by this Court that explained the meaning of Ala.Code 1867, § 2297 (a predecessor statute to Ala.Code 1975, § 6-5-410(a)), this Court stated that the phrase "`if the former could have maintained an action against the latter for the same act or omission, had it failed to produce death,' was intended to declare the character of act or omission which would support the action; not the person by whom it could be maintained." Id. at 281.[1]
This Court, in Breed v. Atlanta, B. & C. R.R., 241 Ala. 640, 642, 4 So.2d 315, 316 (1941), had an opportunity to address one of the underlying purposes of the Wrongful Death Act, the prevention of homicides. Breed involved a convict who, while serving a life sentence in prison, was killed by a passing train, and in that case this Court had occasion to construe, once again, that provision of the Wrongful Death Act stating that the decedent must have been able to commence an action but for his death. This Court stated that even though the convict was "civilly dead," due to his conviction and sentence to life imprisonment, the deceased convict's personal representative could, nevertheless, maintain a wrongful death action against the railroad company, because the wrongful death statute "deals with the natural right of life which is in no way affected by a conviction and sentence to life imprisonment." This Court, explaining the nature of a wrongful death action, stated:
"The right of action which the statute [i.e., the wrongful death statute] gives is a new right, not derivative nor the right of succession to the person slain. It is not a right of property, and the personal representative in bringing and prosecuting the suit acts as an agent of legislative appointment for the effectuation of the public policy it declaresthe prevention of homicides. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912 [(1911)]; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R.A., N.S., 568 [(1908)]; Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882 [(1921)]."
241 Ala. at 642-43, 4 So.2d at 317.
As noted in both the Sullivan and Breed cases, supra, the right of action created by the Wrongful Death Act is predicated on whether the decedent could have commenced the action had the decedent lived to file it, but those two cases do not address the question presented here regarding the venue of the action.
I think that this Court, in Harris v. Elliott, albeit by obiter dicta, suggested that venue should be in the place where the decedent could have filed the action except for his death. I find support for this position in Suell v. Derricott, 161 Ala. 259, 262-63, 49 So. 895, 897 (1909), a case that is neither cited nor distinguished by the majority, where this Court stated:
"It must be observed that the right of action [for wrongful death] is only given under this statute [referring to Ala.Code 1896, § 27, a later precursor to Ala.Code 1975, § 6-5-410] to the personal representative when the intestate could have maintained an action for the same act had it failed to produce death. A corollary of this is that, if the wrongful act complained of had not produced death, *732 but only an injury, and the person injured could not have maintained an action, then the personal representative cannot maintain an action under the statute when death results. It would therefore seem to follow that all defenses available to the defendant, if the action had been brought by the person injured when death did not result, are available to the defendant in an action brought by the administrator of the person injured for the wrongful death; that the burden of proof, and the weight and sufficiency of the evidence, would be the same in both cases."
(Emphasis added).
Ala.Code 1896, § 27, cited in Suell v. Derricott, supra, reads as follows:
"A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or corporations, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death; such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for such wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."
(Emphasis added).
In the present case, in its answer filed in response to Lewis's complaint, Newell raised the defense of "improper venue," pursuant to Rule 12(b)(3), A.R.Civ.P. In its brief in support of its petition for writ of mandamus in this Court, Newell argues that the proper venue is Tallapoosa County, not Macon County. Newell further argues that had the decedent not died in the automobile collision, then, unquestionably, the proper venue for the action would have been Tallapoosa County, not Macon County, because the decedent resided in Tallapoosa County and also because the fatal automobile accident occurred in Tallapoosa County. Finally, Newell argues that if a personal representative of a decedent can "choose" the forum in which he can commence his wrongful death action against a domestic corporation merely by establishing his residence in a county in which that domestic corporation "does business," then "forum shopping" could become a common occurrence.[2]
I think that the answer to the question of which county is the proper venue for a wrongful death action can be found in the interpretation made by this Court of the wrongful death statute in effect when the Court decided Suell v. Derricott, supra, in which this Court stated that "all defenses available to the defendant, if the action had been brought by the person injured when death did not result, are available to the defendant in an action brought by the administrator of the person injured for the wrongful death." (Emphasis added.)
I find support for my position that the residence of the personal representative in a wrongful death action is in the county of the appointment of the personal representative. In Dowdy v. Franklin, 203 Va. 7, *733 121 S.E.2d 817, 93 A.L.R.2d 1194 (1961), Justice Carrico, now Chief Justice Carrico, said the following, in a case in which an infant, suing by and through his mother and next friend, filed an action for his personal injuries sustained in an automobile accident against the personal representative of an estate, in the county of the residence of the personal representative instead of in the county where the administrator qualified:
"In the case of an administrator of the estate of a deceased person, the most convenient and familiar jurisdiction is, logically and legally, that in which the administrator qualifies, since it is, a fortiori, the place of last residence of the deceased in whose place and stead, for the purposes of actions or suits against the estate the administrator stands, and is at the same time the source of the administrator's authority and the place where he must state and settle his accounts. The administrator serves in an official capacity which may only arise from and be terminated by the court of the county or city in which he qualifies. His official residence, for purposes of venue, is in that county or city."

203 Va. at 11, 121 S.E.2d at 826. (Emphasis added.)
Because I believe that this Court should adopt the rule that the residence of a personal representative who files a wrongful death action is, for venue purposes, in the county where the personal representative qualifies, I disagree with the holding made in this case.
I express no opinion on the other issue presented, whether Newell was, in fact, doing business in Macon County.
I do feel, however, even assuming that the majority is correct in determining that the plaintiff is a resident of Macon County, that the provisions of the forum non conveniens statute[3] could be applicable.
STEAGALL, J., concurs.
NOTES
[1] The wrongful death statute in force at the time of the decision in South & North Alabama R.R. v. Sullivan, Adm'r (Ala.Code 1867, § 2297, amended on February 5, 1872), read as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action against the latter at any time within two years thereafter, if the former could have maintained an action against the latter for the same act or omission, had it failed to produce death, and may recover such sum as the jury deem just, and the amount so recovered shall be distributed as personal property of an intestate is now distributed; and shall not be subject to the payment of the debts of the deceased; and such right of action shall survive against the personal representative of the person unlawfully causing the death aforesaid." (Emphasis added.)
The aforementioned and amended portion of § 2297 is found in Ala.Code 1876, § 2641.
[2] In order for a plaintiff to commence a "personal injury" action, which includes a "wrongful death" action, against a domestic corporation under Ala.Code 1975, § 6-3-7, he must either (1) commence the action in the county where the injury occurred or (2) commence the action in the county where the plaintiff resides if the corporation does business by agent in the county of the plaintiff's residence.

The briefs filed by the parties indicate that at the time of the fatal automobile collision Newell had a sustained history of "doing business" both in Tallapoosa County and in Macon County. The question of "where" a plaintiff resides, as it pertains to a wrongful death action commenced against a domestic corporation under Ala.Code 1975, § 6-3-7, is the focal point of the remaining portion of my opinion.
[3] Code of Ala.1975, § 6-3-21.1.