W.S. Newell, Inc. ("Newell"), a domestic corporation, petitions this Court for writ of mandamus to direct the Honorable James Avary, Circuit Judge of Macon County, to transfer this wrongful death action to the Circuit Court of Tallapoosa County, the county in which the plaintiff's decedent was killed. We deny the petition.
On May 1, 1989, Teresa Lewis was killed when the vehicle in which she was a passenger collided with another vehicle in the intersection of Lafayette Street and U.S. Highway 280 in Dadeville, Alabama. Teresa Lewis and her husband, Christopher, had two infant children and Mrs. Lewis was seven months pregnant with her third child at the time of her death. Approximately one month after the accident, Mr. Lewis moved from his home in Tallapoosa County and relocated near a relative in Macon County; he explained his move by saying that he could no longer "handle" living in the marital home.
On July 6, 1989, Mr. Lewis, as administrator of the estate of Teresa Lewis, filed a wrongful death action against Newell in the Circuit Court of Macon County. Newell was the construction firm that had built the portion of U.S. Highway 280 where the collision occurred. Mr. Lewis alleged that a slope abutting the north side of the highway at the intersection had been constructed in a negligent or wanton manner so as to obstruct the vision of the driver of the automobile in which his wife died.
On September 15, 1989, Newell filed its answer, in which it denied liability for the collision and also contested venue. On January 2, 1990, Newell filed a motion for change of venue from Macon County to Tallapoosa County. On February 5, 1990, Macon County Circuit Judge James Avary denied the motion. Newell filed this petition for a writ of mandamus, pursuant to Ala.R.App.P. 21(a).
This case turns upon the interaction between Ala. Code 1975, § 6-3-7, which provides for venue in personal injury actions against corporations, and § 6-5-410, the Alabama Wrongful Death Act. Section 6-3-7 provides "that all actions against a . . . corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
Newell contends, however, that in a wrongful death case, venue should be determined based upon the county of the residence of the deceased at the time of death rather than upon the place of residence of the personal representative at thetime suit is filed. In essence, Newell's argument imports a separate venue provision into the Alabama Wrongful Death Act. *Page 727 
The Act provides that "[a] personal representative may commence an action . . . for the wrongful act, omission or negligence of any person, persons or corporation . . .provided the testator or intestate could have commenced anaction for such wrongful act, omission or negligence if it hadnot caused death." Ala. Code, 1975 § 6-5-410 (emphasis added). The rule proposed by Newell would not only require us to read the two sections in pari materia, but would require us to substitute "the deceased" in § 6-5-410 for "the plaintiff" in §6-3-7. In this case the result would limit the personal representative in his right to bring an action by the inability of the deceased now to change her residence. Failure to adopt this rule, Newell asserts, promotes forum shopping.
We have not previously written to the precise issue now before this Court; nevertheless, we do not write on a clean slate. Long ago, this Court addressed the relationship between the two sections. Therefore, a historical review of the predecessor of § 6-3-7 is essential.
Section 232 of the Constitution of 1901 provided: "[A foreign] corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state." Ala. Const. art. XII, § 232 (1901). The Constitution contained no corresponding provision dealing with venue in suits against domestic corporations. The corresponding statutory venue provision was found in Ala. Code 1896, § 4207. That section, the predecessor of § 6-3-7, simply provided: "A foreign or domestic corporation may be sued in any county in which it does business by agent."
Notwithstanding the express constitutional provision for statewide suit against foreign corporations, the legislature, by Act of March 5, 1903, Ala. Acts 1903, No. 174, amended Ala. Code 1896, § 4207. The section, as amended, provided:
 "A foreign or domestic corporation may be sued in any county in which it does business by agent; but all actions for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiffs residence."
Ala. Code 1907, § 6112 (emphasis added). In Alabama GreatSouthern R.R. v. Ambrose, 163 Ala. 220, 50 So. 1030 (1909), this Court held that § 6112 required a personal representative suing for wrongful death to bring the suit in the county "where the injury occurred," or in the county of the personal representative's residence. Ambrose, 163 Ala. at 222,50 So. at 1030. In Ambrose, Bibb County was the county of residence of both the deceased and the personal representative, and was also the county in which the injury occurred. The defendant corporation contended that venue was proper only in Bibb County, as provided by the amendment to § 6112. In rejecting the personal representative's contention that the amendment limiting venue in personal injury actions had no application to a wrongful death action brought by the personal representative, this Court said:
 "The objects sought by the statute are just as applicable to the case of an action by a personal representative as one by the party injured himself. Besides, the wording of the statute is clear and explicit, and there is no room for any construction beyond its language. Although the personal injury has resulted in death, yet the action is for the personal injury, the administrator is the plaintiff, and the action must be brought either 'in [the] county where the injury occurred, or [in] the county where the plaintiff
resides.' "
Ambrose, 163 Ala. at 221-22, 50 So. at 1030 (emphasis added).
Eight years later, this Court held § 6112 to be unconstitutional as applied to foreign corporations, on the ground that the legislature had no power to limit venue in personal injury actions against a foreign corporation to the county of the injury or to the county of the plaintiff's residence when the Constitution had expressly provided for statewide venue of actions against foreign corporations. Exparte Western Union Telegraph Co., 200 Ala. 496, 76 So. 438
(1917). *Page 728 
Because of the holding that § 6112 was unconstitutional insofar as it related to foreign corporations, the Court deemed it necessary, over a vigorous dissent, to overrule Ambrose to the extent that the holding of that case applied to foreign
corporations. The Court noted, however, that the statute was valid insofar as it applied to domestic corporations. But ifAmbrose was constitutionally deficient in any respect, the deficiency has been cured by the 1988 "tort reform" amendment to the Alabama Constitution.
On March 8, 1988, Ala. Const. art. XII, § 232, was amended, the amendment being the "final phase of Alabama's tort reform effort." R. Gaines and W. Hancock, Tort Reform in Alabama: AProponent's Perspective, 18 Cumb.L.Rev. 649, 652 (1988). Amendment 473 provides that "[a]ny foreign corporation . . . may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation." As a result of the amendment, "all actions against a domestic [or foreign] corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence." Ala. Code 1975, § 6-3-7 (emphasis added). The legislature's recent "tort reform" effort has thus removed any impediment to the application of the holding inAlabama Great Southern R.R. v. Ambrose, 163 Ala. 220,50 So. 1030 (1909).
A rule such as that suggested by Newell would not only create a conflict in Alabama venue law where none previously existed, but would produce the anomalous result of denying the plaintiff personal representative the right to sue in the county of his residence — a right clearly granted to plaintiffs by the Alabama Constitution in all personal injury actions against corporations. Because we do not believe the legislature intended this anomaly, we decline to adopt such a rule. Instead, we hold, in accord with the holding in Ambrose, that §6-3-7 simply requires that a wrongful death action, brought by the personal representative, be brought in the county where the injury occurred or in the county where the personal representative resides, provided the corporation does business there.
In so holding, we do not intend to supersede the broad discretion granted the trial judge by Ala. Code 1975, §6-3-21.1, to transfer a case to the most convenient forum. That section provides:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.)
In all cases involving the forum non conveniens doctrine, the "question of whether a case should be entertained or dismissed 'depends largely upon the facts of the particular case and is in the sound discretion of the trial judge.' " Ex parte AutoOwners Ins. Co., 548 So.2d 1029, 1032 (Ala. 1989) (quotingRestatement (Second) of Conflict of Laws § 84, at 251 (1971)). In view of this plain legislative directive, we will reverse a trial judge's decision not to transfer only upon a clear showing of an abuse of discretion. See Ex parte Charter RetreatHosp., Inc., 538 So.2d 787, 789 (Ala. 1989). Moreover, the burden of showing such an abuse is upon the party seeking the writ of mandamus. Id.; see also Isbell v. Smith, 558 So.2d 877,880 (Ala. 1989).
In this case, a number of factors weighed in favor of keeping this case in Macon County. For example, Newell's home office and the business office of a number of proposed defense witnesses are located in Montgomery County. Montgomery County abuts Macon County and is, therefore, closer to Macon County than to Tallapoosa County. In addition, the physical characteristics of the intersection at which the accident occurred have been substantially altered since the accident. There *Page 729 
was evidence that the trial judge was concerned that prospective jurors might be so familiar with the intersection as to adversely affect the trial process. Under the circumstances, we conclude that Newell has not met its burden of showing a clear abuse of discretion on the part of the trial judge.
A writ of mandamus will issue only in a clear case. Ex parteEdgar, 543 So.2d 682, 684 (Ala. 1989). Because this is not such a case, the petition is hereby denied.
WRIT DENIED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.