Query: Houston County or Covington County?
Spiro Cheriogotis has petitioned this Court for a writ of mandamus directing the Honorable Denny L. Holloway, Judge of the Houston County Circuit Court, to set aside his order transferring Cheriogotis's cause from the Circuit Court of Houston County to the Circuit Court of Covington County. The writ is denied.
On review of an order transferring or refusing to transfer an action pursuant to a motion for change of venue, a writ of mandamus will not issue unless there is a clear showing of error on the part of the trial court. Ex parte Ralston,519 So.2d 488 (Ala. 1987); Ex parte Finance America Corp.,507 So.2d 458 (Ala. 1987).
Cheriogotis, one of four stockholders in Food Services, Inc., filed a complaint entitled "Complaint for the Declaration of Rights and Enforcement of Agreement (§ 6-6-294 et seq., Declaratory Judgements Act, 1975, Code of Alabama)," in Houston County Circuit Court against James Weeks, another stockholder in the company. He alleged that he and Weeks had agreed to purchase the stock owned by the other two stockholders and to divide it equally, and that Weeks had breached that agreement by purchasing the stock and then refusing to transfer ownership of one-half of it. Cheriogotis also alleged that Weeks's purchase of the stock and subsequent refusal to transfer ownership of one-half of it constituted a "constructive fraud." Cheriogotis sought a declaration of his rights with regard to the stock, an order requiring Weeks to transfer ownership of one-half of the stock to him, and compensatory and punitive damages.[1] Weeks filed a motion pursuant to Rule 82(d), A.R.Civ.P., for a change of venue to Covington County, on the following grounds:
 "The action in this cause seeks a declaratory judgment concerning the rights of this defendant, and venue for such action is proper in the place where the defendant resides. The complaint shows on its face . . . that this defendant resides . . . in Covington County, Alabama."
The trial court granted the motion, and Cheriogotis filed this petition for a writ of mandamus.
The only issue presented by the petition is whether the trial court erred in transferring the case from Houston County to Covington County.
Rule 82, A.R.Civ.P., in pertinent part, reads as follows:
"(b) Venue of Actions. . . .
 "(1) Against Resident Individuals. Actions against an individual or individuals having a permanent residence in this state:
 "(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them;
". . . .
 "(c) Venue Where Claim[s] or Parties Joined.
Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been *Page 560 
commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
Cheriogotis contends that he stated a claim for compensatory and punitive damages against Weeks for fraud, and that venue is proper in Houston County because, he says, the fraud was committed there. On the other hand, Weeks contends that Cheriogotis did not state a claim for fraud at all. He argues that a careful reading of the complaint reveals that Cheriogotis merely sought a declaratory judgment establishing a contract right to one-half of the stock in issue. Therefore, he asserts that venue is proper only in the county of his residence — Covington County.
Of course, if Cheriogotis did not state a claim for fraud against Weeks, venue was not proper in Houston County and the trial court did not err in transferring the case to Covington County. However, even if we assume that a fraud claim was stated, it is clear that that claim is predicated on an alleged promise to perform in the future. In fact, Cheriogotis concedes this in his brief. In Watters v. Lawrence County,551 So.2d 1011 (Ala. 1989), this Court, quoting Hearing Systems, Inc. v.Chandler, 512 So.2d 84, 87 (Ala. 1987), discussed the nature of such a fraud claim, as follows:
 " ' "The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or abstain from some act in the future . . . is when the evidence shows that, at the time . . . the promises of future action or abstention were made, the promisor had no intention of carrying out the promises, but rather had a present intent to deceive. Robinson v. Allstate Insurance Co., 399 So.2d 288
(Ala. 1981). If such intent is not substantiated by the evidence, the fraud claim should not be submitted to the jury. The failure to perform, alone, is not evidence of intent not to perform at the time the promise was made. If it were, a mere breach of contract would be tantamount to fraud. Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976). . . ." ' "
Although Cheriogotis argues that Weeks defrauded him in Houston County — the county in which Weeks actually purchased the stock — the fraud occurred, if at all, in the county where Weeks allegedly agreed with Cheriogotis to divide the ownership of the company equally, not in the county where Weeks purchased the stock. There is no evidence in the record tending to show that Weeks made any representations or promises to Cheriogotis in Houston County. Therefore, because Cheriogotis has failed to show that venue is proper in Houston County, there has been no clear showing of error on the trial court's part in transferring the case to Covington County. Consequently, our standard of review will not permit us to reverse the trial court's order transferring this case to Covington County. Exparte Ralston, supra; Ex parte Finance America Corp., supra.[2]
Answer: Covington County.
WRIT DENIED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] A jury demand was included in the complaint.
[2] Although fraudulent intent does not have to be proven to establish a constructive fraud, see Hornaday v. First Nat'l.Bank of Birmingham, 259 Ala. 26, 65 So.2d 678 (1952); see, also, 37 Am.Jur.2d, Fraud and Deceit, § 4 (1968), Cheriogotis's characterization of his claim as one for "constructive fraud" does not alter the fact that proof of fraudulent intent is an essential element of the kind of fraud that he asserts was committed by Weeks (i.e., a fraud committed by a person who enters a contract with no intention to perform, for which fraud both compensatory and punitive damages are recoverable). *Page 561