The petitioners request this Court to order the Circuit Court of Cullman County to transfer their case from Cullman County to Lauderdale County because they contend that venue is not proper in Cullman County.
In November 1987, an application was made for Robert Earl Sides, Sr., for a life insurance policy through Woodmen of the World Life Insurance Company. The application was made in Cullman County by Robert Earl Sides, Sr., and his wife, Lynda Sides, a resident of Cullman County. Lynda Sides was listed as the primary beneficiary on the life insurance policy, and "all children born of or adopted to this marriage" *Page 95 
were listed as secondary beneficiaries. The policy was issued, but whether it was in force at the time of the death of Robert Earl Sides, Sr., is at issue.
In January 1988, Robert Earl Sides, Sr., was murdered; his wife, Lynda Sides, was convicted and was sentenced to life without parole for his murder. Robert Earl Sides, Jr., and Deanna Sides Borden are the children of Lynda and Mr. Sides, Sr. In February 1991, the petitioners, Robert Earl Sides, Jr., and his sister, Deanna Sides Borden, made a claim for the life insurance proceeds, by letter to Woodmen of the World. They alleged that because Lynda Sides, the primary beneficiary, had been convicted and sentenced for the murder of Mr. Sides, Sr., she was disqualified from receiving the insurance proceeds and that they, as the alternative beneficiaries, were due the proceeds.
In response to the petitioners' claim, Woodmen of the World filed in the Cullman County Circuit Court a complaint for a declaratory judgment, asking the court to declare that it had no duty or obligation to the petitioners under the policy. The action was filed against Robert Earl Sides, Jr., Deanna Sides Borden, and Lynda Sides. Woodmen of the World contended that it was not required to pay pursuant to the policy because, it claimed, (1) there was no valid enforceable policy of insurance in effect at the time of the death of Mr. Sides, Sr., and (2) the application was made by Lynda Sides with the intent to murder the purported insured and was therefore void as against public policy. At the commencement of this suit, both Robert Earl Sides, Jr., and Deanna Sides Borden were residents of Lauderdale County. Lynda Sides was served with process while incarcerated in prison in Elmore County.
In April 1991, the petitioners, Robert Earl Sides, Jr., and Deanna Sides Borden, moved to transfer the case from Cullman County, contending that none of the defendants was a resident of Cullman County. They also argued that even if Lynda Sides was deemed a resident of Cullman County, she was not a material defendant.
The trial court held that Lynda Sides was a material defendant because she had signed the application at issue and found that she remained a resident of Cullman County, although she was in prison serving life without parole in Elmore County.
The decision to grant or deny a motion for change of venue is vested within the sound discretion of the trial court. Ex parteCheriogotis, 553 So.2d 558 (Ala. 1989). Any abuse of that discretion may be controlled by the writ of mandamus.Cheriogotis. However, a writ of mandamus will not issue unless there is a clear showing of error on the part of the trial court. Cheriogotis. Further, we note that a writ of mandamus is a drastic and extraordinary writ that will not be issued unless the petitioner has a clear and undisputable right to a particular result. Ex parte Finance America Corp.,507 So.2d 458 (Ala. 1987).
Venue is determined pursuant to Ala. Code 1975, § 6-3-2. This statute, in pertinent part, provides as follows:
 "(b) In proceedings of an equitable nature against individuals:
". . . .
 "(3) Except as may be otherwise provided, actions must be commenced in the county in which the defendant or a material defendant resides."
Generally, the terms "residence" and "domicile" are not considered synonymous. Annot., Venue — Residence and Domicile, 12 A.L.R.2d 759 (1950). However, when determining venue, most jurisdictions, including Alabama, do consider the terms synonymous. Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510
(1945). The terms denote the place where the person is deemed in law to live and may not always be the place where the person is actually dwelling. Weissinger.
Once a domicile is acquired, it is presumed to exist until a new one has been acquired, and the involuntary confinement of a person in a prison will not effect a change in domicile. Annot., Venue — Residence and Domicile, 12 A.L.R.2d at 772 (1950). In United States v. Gronich, *Page 96 
211 F. 548 (W.D.Wash. 1914), the court held that the word "reside" contemplated a voluntary sojourn in a place and could not be applied so as to charge a convict with residence in a county where he was imprisoned.
In Riddle v. Reese, 53 S.C. 198, 200, 31 S.E. 222, 223
(1898), the court wrote:
 "The idea that a person can be said to have changed his place of residence by being arrested by the officers of the law and confined in a jail, and there kept by the authority of the law until he succeeds in making his escape, is a view which we cannot accept. In the eye of the law the place of a person's residence is to be determined by his own act and consent, and not by a force which he has neither the right nor the power to resist. The question of a person's place of residence is to be determined by his own intention, accompanied by his own voluntary act."
Likewise, in Barton v. Barton, 74 Ga. 761 (1885), the court held that the venue of an action was properly in the county where the prisoner had resided before his conviction, because his incarceration in jail in another county did not constitute a change of residence.
Here, the trial court concluded that venue was proper in Cullman County, based on the determinations that Lynda Sides was indeed a material defendant and that there was no evidence that she intended her residence to be any place other than Cullman County.
It is undisputed that Lynda Sides was a resident of Cullman County when she was convicted and incarcerated at Tutwiler Prison in Elmore County, and there was no evidence presented to indicate that she had intended to change her residence. In other words, her removal to Elmore County (Tutwiler Prison) was involuntary, in that she had neither the right nor the power to resist and, therefore, her removal did not constitute a change of residence from Cullman County for venue purposes.
Further, we find no abuse of the trial court's discretion in its determination that Lynda Sides is a material defendant. The entire issue in the declaratory judgment action filed by Woodmen of the World concerns the validity of the insurance policy. Lynda Sides is the one who completed and signed the application for insurance and she is listed as the primary beneficiary.
The writ of mandamus is due to be denied.
WRIT DENIED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.