Morris C. Allen, the plaintiff in an FELA action, petitions for a writ of mandamus directing the trial judge to vacate an order transferring his action from the Jefferson County Circuit Court to the Bibb County Circuit Court.
Norfolk Southern Railway Company is a Virginia corporation that conducts business by agent in Jefferson County. Allen was an employee of Norfolk Southern, and during his employment with Norfolk Southern he was a resident of Bibb County. Allen sued Norfolk Southern in the Jefferson County Circuit Court under the Federal Employers Liability Act (FELA), claiming damages based on his alleged exposure to asbestos while employed by Norfolk Southern in Jefferson County. Norfolk Southern moved to dismiss the action or to transfer it to Bibb County, asserting, among other grounds, that Jefferson County was an improper venue. The trial judge transferred the action to Bibb County. Allen petitioned for a writ of mandamus, and this Court ordered both Norfolk Southern and the trial judge to file an answer and a brief. Norfolk Southern complied with the order and filed an answer and a brief; however, the trial judge filed nothing.
We first note that mandamus is an extraordinary remedy. It requires a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc.,586 So.2d 889 (Ala. 1991).
It is well settled that "[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case ofabuse." Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488
(Ala. 1990) (emphasis added).
The Alabama Constitution of 1901, as amended by Amendment 473, makes venue the same for domestic and foreign corporations and requires that they be treated identically for venue purposes. Ex parte Townsend, 589 So.2d 711 (Ala. 1991); Ex parteSouthern Ry., 556 So.2d 1082 (Ala. 1989). In a case involving alleged personal *Page 964 
injuries, such as the present case, the applicable rule is set out in § 6-3-7, Ala. Code 1975:
 "[A]ll actions against a domestic corporation [or foreign corporation, see Amend. 473] for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
See Ex parte W.S. Newell Inc., 569 So.2d 725, 728 (Ala. 1990). Allen argues that venue is improper in Bibb County because, he says, Norfolk Southern does not do business in Bibb County. Allen contends that venue is proper only in Jefferson County, where he says the injury occurred.
The writ is due to be denied. Allen has not provided us sufficient information to hold that he is clearly entitled to the relief he seeks. This Court has often stated that when a trial court has transferred a case on the ground that venue is improper, or has denied a transfer sought on that ground, a writ of mandamus will not issue unless there is a clear showing of error on the part of the trial court. Ex parte Cheriogotis,553 So.2d 558 (Ala. 1989); Ex parte Ralston, 519 So.2d 488
(Ala. 1987); Ex parte Finance America Corp., 507 So.2d 458
(Ala. 1987).
We have reviewed the record here, and we are not convinced that we should vacate the trial judge's order. The petitioner has failed to meet his burden of showing that he is clearly entitled to the relief he seeks; therefore, the petition for the writ of mandamus is denied.
WRIT DENIED.
MADDOX, SHORES, HOUSTON, KENNEDY, INGRAM and COOK, JJ., concur.