THOMPSON, Judge.
This ease was originally assigned to a former judge on this court and was recently reassigned.
The case involves an alleged wrongful termination. George W. Grayson was terminated from the faculty of Alabama Agricultural and Mechanical University (“A & M”) after being convicted of a felony and being incarcerated. Grayson requested and was granted a grievance hearing before the A & M grievance committee. The hearing was held on November 23, 1993. Grayson was unable to attend this hearing because of his incarceration, so he retained an attorney to represent him at the hearing. In December 1993, the grievance committee rendered a decision holding that A & M had not violated Gray-son’s due process rights.
An outside reviewing officer, appointed by A & M, raised some concerns about whether Grayson’s rights of due process in the hearing might have been violated because of the fact that he was incarcerated and could not personally attend the hearing. For this reason, the president of A & M directed a new grievance hearing to ensure that Grayson’s constitutional rights had been fully protected. Grayson declined to participate in a new grievance hearing; instead, he sued A & M.
Grayson filed his complaint in the Madison County Circuit Court on May 24, 1994, seeking a review of the grievance committee decision. He alleged breach of contract and violation of equal protection and due process rights.
Following oral proceedings, the trial court, on July 31, 1995, entered a judgment instructing A & M to conduct a second grievance hearing in accordance with A & M policies and procedures. On January 26, 1996, after the second grievance committee had met and acted, Grayson filed a motion with the trial court requesting reconsideration of the July 31, 1995, order. The motion alleged, among other things, that the second grievance committee had not acted in accordance with the trial court’s July 31, 1995, order. That same day, the trial judge denied Grayson’s request, stating, “I have no jurisdiction over this ease.”
On March 21,1996, Grayson filed a motion requesting a hearing and an entry of a final judgment, raising for the first time the question whether the July 31, 1995, order was a final judgment. Following a hearing, the trial court denied Grayson’s motion on June 4, 1996, reaffirming its previous determination that the court lacked jurisdiction over the case.
On July 19, 1996, Grayson filed a notice of appeal from the June 4, 1996, order contending that the trial court had not entered a final appealable order. He asked, in the alternative that his notice of appeal be treated as a petition for a writ of mandamus.
If we treated his filing as an appeal, then it would be untimely and his contention would be illogical. We consider his July 19, 1996, filing as a petition for a writ of mandamus. *792 Grayson is requesting this court to direct the trial court either to review the action of the second grievance committee or to enter a “final judgment” on his original claim.
“We first note that mandamus is an extraordinary remedy. It requires a showing that there is: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Alfab, Inc., 586 So.2d 889 (Ala.1991).
“It is well settled that ‘[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.’ Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990) (emphasis added).”
Ex parte Allen, 655 So.2d 962, 963 (Ala.1995).
Title 16, Chapter 49, Ala.Code 1975, establishes Alabama A & M University and grants its board of trustees “exclusive jurisdiction, power and authority with regard to the supervision, management and control of Alabama [A & M] University,” including the power to employ and remove any instructor or other officer of the university. See § 16-49-24. The board is specifically excluded from the provisions of the Alabama Administrative Procedure Act. § 41-22-3(1), Ala. Code 1975.
Through his mandamus petition, Grayson asks this court to order the trial court to enter a final judgment on all the matters addressed in his complaint. In fact, the trial court made a final determination in Gray-son’s action by ordering A & M to conduct a second hearing in accordance with A & M policies and procedures. The results of that hearing were forwarded to the president of A & M for final action. Grayson has not shown any clear legal right to a new “final judgment.” The trial court had no imperative duty to issue another order after it had determined that it did not have jurisdiction over Grayson’s claim that the board had failed to comply with the trial court’s original judgment.
This court will not issue a writ of mandamus unless there is a “clear showing of error in the trial court to the injury of the petitioner.” Ex parte Slade, 382 So.2d 1127, 1129 (Ala.1980). Grayson has not argued error or cited any authorities to support his claim. He has not shown any clear legal right to the order he seeks from this court.
Grayson had another adequate remedy. The A & M board has the clear authority to act on dismissals of A & M employees. It exercised this authority by conducting a second grievance committee hearing. Grayson did not challenge the second grievance committee ruling by filing a separate action in the trial court. His mandamus petition does not satisfy the fundamental requirements for this extraordinary writ.
WRIT DENIED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.